OPINION OF THE COURT
Lewis R. Friedman, J.
This motion seeks to vacate the judgment by default granted to petitioner. The case presents a serious question of this court’s ability to control its calendar.
This case appeared on the court’s calendar on seven occasions since October 4. A demand for a bill of particulars was served October 3. The petitioner provided one the next day, yet the case was adjourned at respondent’s request, to October 12 and then to October 19. Adjournment to October 26 was the result of respondent’s counsel’s actual engagement. Next adjournment was required for the court to obtain a “Taiwanese” interpreter for respondent. On November 1 the case was adjourned to November 16, when it first came before me.
Respondent’s counsel was not present but a paralegal from his office was; the Taiwanese interpreter did not appear. Counsel submitted an affidavit of “engagement” which asserted that he was in Supreme Court, Rockland County, and that he would be “engaged” on November 21 and 22. Counsel did not indicate that he was ready for trial *204 but asserted that a three-week adjournment to December 7 “or some other date as shall be convenient to the court” was required to suit counsel’s schedule in other courts. This court told both sides that this “summary” proceeding was already far too prolonged. The court advised respondent’s paralegal that the case was going to be disposed of during the term of court ending December 2, and that one short “final” adjournment would be granted to any day during the week of November 28. No preference was expressed; the case then adjourned to November 28 and was marked “final against both sides.” Counsel’s representative was told that there would be absolutely no adjournments granted. Although the affidavit made no reference to the 28th, respondent’s paralegal stated that counsel would be actually engaged on that date; she offered no details or any alternative dates before December 7. The representative was advised that if counsel was unavailable on the 28th, appropriate arrangements to protect the client’s interest should be made. Counsel for petitioner, it should be noted, objected strenuously to any adjournment.
On November 28, the same paralegal appeared with an “affidavit of engagement” which stated only that counsel was “engaged” in Supreme Court, Nassau County, on a specified case. The representative also handed the court notices to admit and to produce addressed to petitioner; they were dated November 23 but had no proof of service. The representative was advised that the matter would not be adjourned but would be held for a later call; counsel should be contacted to respond. Neither client nor counsel (or his representative) answered the later calls of this case. The inquest at 12:30 p.m. and judgment followed.
In his motion to vacate the default, counsel asserts that he was “engaged” before Supreme Court, Nassau County, in a named case. The name of the Justice or even the part in which the case was pending not provided. Nor was the court advised of the status of the named case, whether on trial or for motion, and when the matter was set for that date. Respondent asserts that it has a meritorious defense in that the petitioner has consented to the subleasing and assignment of the lease. No written consent as required by the lease has been submitted.* It is interesting to note that *205 respondent’s principal states that his affidavit has been read to him in “the Mandarin language”; there is no reference to “Taiwanese” language which was the basis of two earlier adjournments.
This court has not been directed by counsel to any rule of court or statute that specifies when affidavits of engagement are valid and. should be accepted. Therefore the applicable rule must be determined by analogy and analysis.
The Rules of the Supreme Court, New York and Bronx Counties, for civil cases (22 NYCRR 660.5 [e]), permit a case on those courts’ Ready Day Calendar to be held subject to another case: (a) during the “argument” of an appeal, or (b) during a hearing or session of the committee on character and fitness, or (c) during the time counsel is “actually engaged in the trial of a cause in a federal or State court of record.” Under that rule a case may be held for not more than three days. As the rule notes “[t]he mere submission of pleadings to the court or any other act preceding the actual trial is not to be deemed an engagement within the meaning of this subdivision.” The rules also contain a provision paralleling a Second Department rule dealing with personal injury cases only. (22 NYCRR 660.5 [e] [2]; cf. 22 NYCRR 680.1.)
The Rules of the Supreme Court, New York and Bronx Counties, for criminal cases (22 NYCRR 661.8), require an affidavit of engagement to include the court part and name of the Judge in the other court as well as a statement whether other adjournments are being sought based on the alleged engagement. “Any act preceding the actual trial, other than a formal hearing * * * is not deemed an engagement within the meaning of this section.” (22 NYCRR 661.8 [a].) 6
It is interesting to note that Supreme Court, Nassau County, where respondent’s counsel was allegedly engaged, has an unusual rule (22 NYCRR 785.11). Under that rule trial counsel must file a formal designation prior to trial. Actual engagement in Nassau courts other than the District Court will be recognized by oral statements, while actual engagements in courts outside Nassau County, other than the New York City Civil Court, require an affidavit stating (a) actual engagement at trial, (b) the *206 name, part and location of the court and name of the Judge, (c) “the date and hour the trial actually commenced; the number of witnesses still to be called by each party; the extent or point to which the trial has progressed; and a studied estimate of the time it will take to complete the trial” (22 NYCRR 785.11 [d] [3]); and other details.
Under any of those rules the affidavit here is singularly lacking in verifiable detail. The thread that runs through these rules as well as the analogous ones for the surrounding counties is (1) only actual trials warrant recognition, (2) there must be specificity in the affidavit, (3) there are limitations on the abused “absolute” right to use “engagements” in order to obtain an adjournment. In summary proceedings a speedy disposition could be avoided merely by retaining busy counsel unless the court places limits on a potentially abusive process. The court, not trial counsel’s schedule, itiust govern the calendaring of cases.
Thus, I conclude that a conclusionary affidavit is inherently defective. The detail provided must allow the court to verify the length of the engagement to allow resolution of the conflict. Only actual trials are a valid basis and then, only for one week. Peremptory markings mean just that and counsel must make arrangements to protect the client. (Cf. 22 NYCRR 660.5 [e] [2]; 680.1; Code of Professional Responsibility, EC 6-4, DR 6-101.) The Nassau rule provides reasonable guidance.
As long as the court gave respondent’s counsel a reasonable time to obtain a replacement or to be “ready”, the duty shifted to counsel to avoid the problem. This holding is not an effort to reimpose the Barasch v Micucci (49 NY2d 594) “law office failure” line of authority, which was recently legislatively repealed. Rather, this case represents an affirmative affront to the court’s responsibility.
It is significant that on the papers submitted here the respondent has not established a defense on the merits other than in an unreasonably conclusive form. The time has passed when close-to-the-vest defenses will be recognized.
Motion to vacate judgment is denied; stay vacated.

 Counsel told the court that the consent was written but that a copy would not be provided, except ex parte, to avoid the petitioner’s tailoring the evidence to the proof. The offer was rejected by the court.