*284 OPINION OF THE COURT
Lewis R. Friedman, J.
Respondents have moved to vacate a default judgment and order entered on February 27, 1986. In this proceeding the petitioners, joined by the Department of Housing Preservation and Development (DHPD), sought an order, pursuant to Administrative Code of City of New York, Housing Maintenance Code § D26-51.01 (h), requiring the respondents to remove various conditions constituting violations at the subject premises. The damage had been caused by a fire. Trial had commenced on February 13. Respondents had stipulated that petitioners had established a prima facie case and had commenced to introduce their defense. The default was entered when respondents failed to appear for the second day of trial. The judgment and order directed respondents, inter alia, to repair all fire damage and correct outstanding violations of record.
Respondents assert excusable default and a meritorious defense.
As a basis for excusing his default, trial counsel for respondents affirms that he was trying the matter of Staron v White (index No. L&T 88746/85), in Kings County, on February 27, the day that the default was entered here. He further affirms "Pursuant to the Court rules, I was obliged to continue with the trial in Kings county [which had commenced the day before] rather than adjourn same in order to appear in New York County only to make an application for an adjournment in that case.”
Counsel, citing Merit Oil Heating Corp. v Morfesis (91 AD2d 604 [1982]), further affirms that "It is well established that an attorney has the right to rely on the Court rules without fear of being defaulted or penalized therefor.” Counsel does not cite which "court rule” he relied on for appearing in Kings County for that continuing trial, which had commenced the day before, rather than continuing the trial in this court. The appropriate rule concerning engagement of counsel is in Uniform Rules for the New York State Trial Courts (22 NYCRR) part 125, effective January 6, 1986. 22 NYCRR 125.1 provides, in pertinent part:
"Engagement of counsel
"(a) Engagement of counsel shall be a ground for adjournment of an action or proceeding in accordance with this rule * * *
*285 "(d) Subject to the provisions of subdivision * * * (f) herein, where an attorney has conflicting engagements, such attorney must proceed * * * in the particular matter first scheduled for the date on which the conflict arises * * *
"(e) (1) Each engagement shall be proved by affidavit or affirmation, filed with the court together with proof of service on all parties, setting forth:
"(i) the title of the action or proceeding in which counsel is engaged;
"(ii) its general nature;
"(iii) the court and part in which it is scheduled * * *
"(iv) the name of the judge * * * who will preside over it;
"(v) the date and time the engagement is to commence or did commence and the date and time of its probable conclusion.
"(2) In determining an application for adjournment on the ground of engagement elsewhere, the court shall consider the affidavit of engagement and may make such further inquiry as it deems necessary, including:
"(i) the dates on which each of the actions or proceedings involved were scheduled for the date on which they conflict * * *
"(v) if applicable, the period of time each of the actions or proceedings involved has been on a calendar from which it has been called.
"(f) Where a trial already has commenced, and an attorney for one of the parties has an engagement elsewhere, there shall be no adjournment of the ongoing trial except in the sole discretion of the judge presiding thereat”.
It is apparent that counsel’s reliance on the "court rules” to excuse his failure to appear for the continued trial of this proceeding is misplaced. Counsel filed no affidavit or affirmation of engagement with this court, nor did he serve one on his adversaries. Although counsel states that another attorney was present in this court to make an application for an adjournment, no attorney appeared or made any application on the numerous occasions when this case was called by the court.
Even in the affirmation submitted in support of the instant motion, counsel fails to specify the relevant factors of his engagement in Kings County, namely: the court and part in which it was scheduled, the name of the presiding Judge, the *286 date the case was scheduled for trial on February 26, the date it commenced, and the period of time the Kings County case was pending. "[A] conclusionary affidavit [of engagement] is inherently defective.” (Sunday Corner v Mandarin Express, 122 Misc 2d 203, 206 [Civ Ct, NY County 1983], affd on opn below NYLJ, July 6, 1984, p 12, col 3 [App Term, 1st Dept].)
The rules for the engagement of counsel clearly provide that an ongoing trial, such as the one at bar, shall not be adjourned "except in the sole discretion of the judge presiding thereat”. Since this proceeding was an ongoing trial at which testimony had been taken, it was incumbent on counsel to make his application to this court for an adjournment. Counsel fails to indicate whether the Judge in Kings County was informed, either before the trial commenced on February 26, or on February 27, of the engagement before this court; whether an application was made to the Judge in Kings County for an adjournment of that trial; or, even, the nature of the proceeding in Kings County. The claimed engagement in Kings County is an inadequate basis for a finding of excusable default. Also, counsel’s assumption that this court would adjourn this continued trial, had an application been made, was misplaced, and was contrary to this court’s expressed intention to proceed.
It was made clear to all counsel that this case had received a priority for the continuation of the trial on February 27. The case was set to commence "promptly” at 9:30 a.m. The parties and counsel had received this court’s warning, standard in cases continued for a "prompt” 9:30 trial, that the case would proceed at 9:30 "precisely” and, if parties were not present and ready to proceed by 9:40, a default would be taken. From the court’s observations, counsel for respondent was not present at 9:30, 9:40 or at any time before 11:00 a.m. Another matter, a contempt trial, Brown v 500 W. 148 St., which had been set for trial on February 27, was called and, over the objections of the three separately represented parties who were prepared to proceed to trial, was adjourned because of the pendency of this continued trial.
This proceeding involves many petitioners who are, concededly, homeless; a prompt resolution of their rights is required in the interest of simple decency. The February 27 adjourned date had been set at the close of testimony on February 13. It was for that reason that the vacation plans of counsel were overridden. (The court’s first available date for the continued trial was unacceptable to respondent’s counsel because of his *287 alleged vacation plans; petitioners’ counsel delayed his vacation plans, for several days, in order to continue the trial on Feb. 27.) The court cleared a space in its overburdened calendar of heat and hot water and code enforcement cases in order to continue this trial. The court calendar for February 27 shows that 71 other cases were scheduled in the part on that day; those cases were all delayed so that the court could deal with this continued trial. Clearly, the court was entitled to rely on the rules which require an attorney to appear for the trial of the case or to accept the consequences.
The continuation of a trial is at least as significant as a peremptory marking. In Sunday Corner v Mandarin Express (122 Misc 2d, at p 206), the court noted: "Peremptory markings mean just that and counsel must make arrangements to protect the client. (Cf. 22 NYCRR 660.5 [e] [2]; 680.1; Code of Professional Responsibility, EC 6-4, DR 6-101.)” Respondent’s counsel may have sent an attorney to court to request an adjournment; notwithstanding the affidavits submitted on the instant motion, that attorney was not present on any of the numerous occasions on which the case was called on February 27. That failure to appear in this court does not constitute the "protection” of the client’s rights contemplated by the cases or the Code of Professional Responsibility. The court allowed several hours beyond the time specified in the court’s "prompt trial” warning, solely to ensure that the respondents would not be prejudiced by their attorneys’ defaults. The default for failure to proceed was only entered after 11:00 A.M.; the file indorsement by the court states "at noon”. Some time later that day, the attorney for respondents did present several reasons for the adjournment. Counsel was clearly unready or unwilling to proceed with the trial (concededly no witnesses for respondents were present). The excuses for adjournment were similar to those proffered here: Mr. Alter’s engagement in Kings County and DHPD’s failure to produce certain documents. None of the details required by rule 125.1 were provided.
In the instant motion, counsel’s lame excuse for his late appearance on February 27 does not comport with the court’s observation of the facts. Moreover, he does not explain the missing affidavit of engagement or his assumption that the court, which was not told of the allegedly missing documents, would adjourn a very serious case marked peremptorily for a continued trial.
Rather, respondent seeks to shift the blame to DHPD and *288 petitioners’ counsel. For example, respondent contends that counsel knew that there would be a request for adjournment and should not have had witnesses or clients present in court. But, of course, that is not the central issue here.
The failure to provide certain documents, while on its face a more significant issue, is also of no moment. It is clear that the report sought by respondents was not to be made available to counsel until the time of continued trial in any event. More importantly, the document’s omission, if actually required, would have been the responsibility of the party who failed to produce it. Since the court had unequivocally set the case for a continuation of the trial, the failure to produce a required document would obviously lead to sanctions, not an adjournment. The respondents had, by pretrial written stipulation, conceded "that petitioner has established a prima facie case as to 132 & 134 W. 109 St.” The affidavit of the petitioners was to be "supplemented” by the "missing” inspection report. Clearly, appropriate sanctions could have been fashioned for its nonproduction. The adjournment from the 13th during the testimony of the respondents’ expert was consistent with the ultimate production of the report; testimony clearly could have been continued even in its absence.
In short, respondents have not established the level of "excusable default” required to open a default judgment, particularly one granted for failure to appear for a continued trial. The court need not reach the merits of the alleged "defense going to the merits”, but, in the interest of proper appellate review if that is sought, it will comment on the issues raised by respondents.
As noted above, this proceeding was brought pursuant to Administrative Code § D26-51.01 (h) for an order to correct violations and "condition[s] constituting * * * violation[s]” which were caused by a fire. The order sought to be vacated granted the application. The primary defense is that the court does not have jurisdiction of the subject matter of the proceeding. That is premised on the legal conclusion that the court cannot order the "rebuilding” of a fire damaged structure and on the factual conclusion that the restoration is not feasible. Neither branch of the defense is correct.
The court has discussed the merits of respondents’ legal argument in Chan v 60 Eldridge Corp. (129 Misc 2d 787 [Civ Ct, NY County 1985]). In that case the court concluded that repairs to fire damaged buildings were required notwithstand *289 ing the cause of the damage. The same arguments were made in Chan as here. As the court noted (129 Misc 2d, at p 789): "Respondents rely on Arroyo v Rosenbluth (115 Misc 2d 655 [Civ Ct, Kings County 1982]), for the proposition that this court lacks subject matter jurisdiction. In Arroyo the court found CCA 203 to be an insufficient jurisdictional predicate to compel the restoration of a building destroyed by fire. The court specifically noted that the opposite result would follow '[w]ere this action for the removal of housing violations or for repairs’. (Supra, p 660.)”
This proceeding is for the removal of violations and for repairs. Thus, under the logic of Arroyo v Rosenbluth (115 Misc 2d 655), even if the case were correct, the court would have jurisdiction. There is no need for the court to repeat the analysis presented in Chan (supra) suffice it to note that Administrative Code § D26-51.01 as implemented by CCA 110 provides more than ample authority for the proceeding currently before the court.
The respondents, by written stipulation, conceded petitioners’ prima facie case. Respondents’ argument in defense is that more than mere "repair” is required since "there has been substantial structural damage done to the two (2) buildings, the cost of reconstruction would greatly outweigh the gross rental income generate[d] by the buildings and/or the market value of the building.” Respondents’ architect submitted an affidavit indicating that the restoration of the premises "would not be financially feasible”.
Petitioners assert in their affidavits on this motion that respondents’ insurance company has made estimates of the cost of repair and that respondents are fully insured. Respondents challenge the amount of the insurance company’s estimates but do not challenge the conclusion that they are fully insured for the loss. Respondents do not deny that they are financially able to undertake the repairs.
Respondents’ arguments reduce to the proposition that the owner can take the insurance proceeds for the repair of the premises and leave the building as is. There is, however, no statement from respondents that they intend to remove the building permanently from the housing market. Rather, it appears that they intend to take the proceeds, terminate the petitioners’ rights to tenancy and then renovate the building as one not subject to rent regulations. The law will not so easily allow an owner of property to ride roughshod over its *290 obligations to keep the premises in "good repair” and to remedy "conditions constituting violations” as required by the Housing Maintenance Code. The rights of the homeless families to have their apartments repaired cannot be avoided by inflated estimates of repair submitted by the owner in an effort to obtain a larger insurance settlement.
In sum, the respondents have not submitted any acceptable excuse for their default in proceeding with the trial; nor have they offered a sufficient defense going to the merits as to overcome petitioners’ prima facie case, which they conceded. The motion to vacate the default judgment is denied. The stay contained in the order to show cause is vacated.