### BOCK v. BOCK.

(Supreme Court, Appellate Division, First Department.   May 14, 1909.)

TRIAL (§ 16*)—INQUEST—VACATING.

Where an affidavit was filed showing that defendant's counsel was obliged to argue a case in the Court of Appeals on the day on which an inquest was to be taken, which entitled the defendant to have the cause passed for that day under Trial Term Rules of First District, rule 7, and the cause was not passed, defendant was entitled to have the inquest vacated, especially where the action was for divorce, in which issues had been settled for trial by jury, and verdict rendered against defendant by default.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 16.*]

Appeal from Trial Term, New York County.

Action by William Bock against Mary Bock. From an order denying a motion to vacate an inquest. defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Thomas J. O'Neill, for appellant.

I. N. Jacobson, for respondent.

LAUGHLIN, J.   The inquest was taken in violation of rule 7 of the Trial Term Rules of the First District; an affidavit having been presented to the court, and filed, showing that the counsel who was to conduct the defense was obliged to go to Albany to argue a cause on the day calendar of the Court of Appeals on that day. Litigants and their attorneys have a right to rely upon the observance of a rule prescribing that certain other court engagements of the counsel who is to try a cause shall entitle his client to have the cause passed for the day. The violation of the rule would in any case entitle the party prejudiced thereby to an order vacating the inquest, but especially in an action for a divorce, in which issues have been settled for trial by a jury, and on which a verdict has been rendered against the defendant by default; for in this class of cases the public are interested, on account of the possible effect upon society, and the court shall be most liberal in affording an opportunity to have the adjudication upon the merits and according to the facts. There had been repeated applications for postponement and delay, which doubtless tried the patience of the trial court; but, regardless of the merits of the other applications and of the indulgence theretofore shown, the defendant had a strict legal right to have the cause passed for the day on which the inquest was taken, on account of the engagement of her counsel before the Court of Appeals.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.