■ NICHOLAS MARAZITA et al., Respondents, v GERALD NELBACH, Appellant. — In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Rockland County (Marbach, J.), dated December 1, 1981, which denied his motion to vacate a default judgment entered in favor of plaintiffs on November 13, 1980. Order reversed, on the law, without costs or disbursements, motion granted, and default judgment vacated, without prejudice to a motion by plaintiffs pursuant to CPLR 2004 for leave to file a late proof of service. Plaintiffs effected substituted service of a summons with notice in February, 1979. However, they did not file proof of service, as required by CPLR 308 (subd 4), within 20 days thereafter. On February 8, 1980, plaintiffs filed a note of issue for an inquest and on February 13, 1980 they filed their proof of service. An inquest was held on April 22, 1980 and a default judgment was entered in plaintiffs' favor on November 13, 1980. Defendant's motion to vacate the judgment was denied and he appeals. Where a default judgment is entered without compliance with the necessary requirements therefor, that judgment is a nullity and must be vacated. The plaintiffs failed to obtain an order permitting the late filing of their proof of service. Accordingly, the late filing was a nullity, defendant's time to answer never began to run and the default judgment was improperly entered (see CPLR 320, subd [a]; see, also, *Red Creek Nat. Bank v Blue Star Ranch,* 58 AD2d 983; cf. CPLR 3012, subd [c]; *Reporter Co. v Tomicki,* 60 AD2d 947). Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.

■ MERIT OIL HEATING CORP., Respondent, v ANTONIO S. MORFESIS, Appellant. — Appeal by defendant, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Beisheim, J.), dated September 21, 1981, as, upon vacating a default judgment taken against him, imposed costs as a condition of the vacatur. Order reversed insofar as appealed from, with $50 costs and disbursements, and the provision imposing costs is deleted. Litigants and their attorneys have a right to rely upon the observance of court rules which provide for the postponement of a trial based on the actual engagement of counsel in another court (see Rules of Practice, Supreme Court, Westchester County, 22 NYCRR 780.5 [a]; *Bock v Bock,* 132 App Div 921; 7 Carmody-Wait 2d, NY Prac, § 50:43). Hence, it was an abuse of discretion for the trial court to have imposed costs on the defendant as a condition for vacating the default caused by his attorney's actual engagement at another trial (see *New York Omnibus Corp. v Associated Transport,* 76 NYS2d 602; *Milton Holding Corp. v Gross,* 193 NYS 75). Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.