■ BANK OF NEW YORK, Respondent, v HENRY SCHWAB, JR., et al., Defendants, and ROBERT E. BREINING, Appellant. — In an action to recover damages for, *inter alia,* fraud, defendant Breining appeals (1) from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated October 5, 1982, which granted plaintiff's motion for leave to enter a default judgment against him, and (2) as limited by his brief, from so much of an order of the same court, dated December 14, 1982, as, upon reargument, adhered to its original determination. Appeal from order dated October 5, 1982 dismissed. That order was superseded by the order dated December 14, 1982, made upon reargument. Order dated December 14, 1982 reversed insofar as appealed from, on the law, order dated October 5, 1982 vacated, and plaintiff's motion for leave to enter a default judgment as against defendant Breining denied. Appellant is awarded one bill of costs. Plaintiff commenced this action by substituted service of a summons and complaint upon defendant Breining on June 21, 1982. Proof of service was not filed within the 20-day period as required by CPLR 308 (subd 2) but rather was filed on July 27, 1982. Defendant Breining did not appear in the action. By order dated October 5, 1982, Special Term granted plaintiff's motion for leave to enter a default judgment and set the matter down for an inquest. Defendant Breining moved for reargument, but, upon reargument, Special Term adhered to its original determination. Special Term erred in granting plaintiff's motion for leave to enter default judgment, as plaintiff failed to comply with the necessary requirements therefor (*Red Creek Nat. Bank v Blue Star Ranch*, 58 AD2d 983). While the failure to file proof of service is a curable procedural irregularity, plaintiff did not obtain an order permitting a late filing of proof of service. Accordingly, the late filing was a nullity and defendant Breining's time to answer never began to run (*Marazita v*

*Nelbach,* 91 AD2d 604; CPLR 308, subd 2). Mollen, P. J., Thompson, Rubin and Boyers, JJ., concur.