■ In the Matter of UPSTATE MILK COOPERATIVES, INC., Appellant, v STATE OF NEW YORK DEPARTMENT OF AGRICULTURE AND MARKETS et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 10, 1983 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a licensing determination of respondent Department of Agriculture and Markets on the ground of lack of jurisdiction. ¶ Two questions are presented on this appeal for our resolution. First, should the Commissioner of the Department of Agriculture and Markets be estopped from asserting the defense of lack of personal jurisdiction where, contrary to statute (Agriculture and Markets Law, § 258-d), the notice of petition and petition were delivered by express mail to a

departmental attorney. who had agreed to accept service on behalf of the commissioner? Second, does timely personal service upon the Attorney-General toll the statutory period of limitations for commencing a CPLR article 78 proceeding? We answer both questions in the negative. The judgment entered at Special Term dismissing petitioner's application to review a licensing determination of the Department of Agriculture and Markets on the ground of lack of jurisdiction should be affirmed. ¶ On or about April 19, 1983, a copy of the respondent commissioner's determination extending the milk dealer's license of respondent Byrne Dairy, Inc., was served on petitioner. In a subsequent conversation between petitioner's attorney and Larry Swartz, an attorney for the legal bureau of respondent department, Swartz informed petitioner's attorney that the legal bureau accepts service of papers on behalf of the commissioner and, should petitioner commence any action or proceeding, service would be accepted by the legal bureau. The method of service was not discussed. ¶ Petitioner thereafter caused a notice of petition and petition to be delivered to counsel for the department by express mail. These papers were received by the commissioner on May 6, 1983. Additionally, on the same date, the notice of petition and petition were personally served on the Attorney-General. On or about June 1, 1983, petitioner's attorney was again informed by counsel for the department that the legal bureau would accept service on behalf of the commissioner, but that service meant "personal service" upon one of the attorneys. Petitioner then caused a process server to make personal service on the commissioner and, on June 3, 1983, an attorney for the department personally accepted service from the process server. ¶ The commissioner sought by motion to dismiss the petition for lack of personal jurisdiction and the expiration of the applicable Statute of Limitations. Special Term granted the motion to dismiss and this appeal by petitioner ensued. ¶ Petitioner argues that the commissioner should be estopped from asserting the defense of lack of personal jurisdiction since the departmental attorney agreed to accept service and timely received, by mail, the notice of petition and petition. However, the doctrine of estoppel "will not be applied without a showing that the [commissioner] concealed facts from [petitioner] or made a false representation to it" (*Hueber Hares Galvin v State of New York*, 75 AD2d 464, 468, citing *Triple Cities Constr. Co. v Maryland Cas. Co.*, 4 NY2d 443, 448). No evidence was offered to show that the departmental attorney agreed to anything other than personal service. It was not the departmental attorney's statements which caused petitioner to serve the papers improperly, but rather petitioner's unfounded interpretation of those statements. Petitioner has failed to demonstrate that the departmental attorney misled it by some positive act or omission where there was a duty to act, an essential element of equitable estoppel. ¶ Further, in view of the statutory requirement of personal service, service by mail is insufficient to confer personal jurisdiction (see *Matter of Johnson v New York State Employees' Retirement System*, 90 AD2d 573). Section 258-d of the Agriculture and Markets Law specifies that a proceeding to review a determination of the commissioner granting extension of a milk dealer's license must be commenced within 30 days from the date of service thereof, and further provides, in pertinent part: "The pleadings upon which such review proceeding is instituted shall be served upon the commissioner or upon an assistant commissioner, personally, in the manner provided for the personal service of a summons in an action unless a different manner of service is provided in an order to show cause granted by the supreme court." ¶ In arguing that its timely personal service upon the Attorney-General tolled the statutory period of limitations in this CPLR article 78 proceeding, petitioner relies on *Matter of Chem-Trol Pollution Servs. v Ingraham* (42 AD2d 192, mot for lv to app den 33 NY2d 516) for support. That reliance is misplaced.

*Chem-Trol* differs from the present situation since timely service was made in that case on the Commissioner of Health, a party to the action. The Attorney-General is not a party to the instant proceeding, but rather the prospective attorney for a party. CPLR 203 (subd [b]), relating to service on a codefendant united in interest with a party, is, therefore, inapplicable here. Thus, petitioner's timely service upon the Attorney-General did not toll the statutory period of limitations permitting effective service upon the commissioner on June 3, 1983, two weeks after the limitations period had expired (*Matter of Cohen v State Tax Comm.*, 51 AD2d 79). *Cohen,* as here, involved late service on the party and timely service on the Attorney-General. ¶ Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.