Thomas Wiley, Appellant, v Lewis Lipset, Respondent.

The record indicates, through the affidavit of a process server, that plaintiff served the defendant by substituted service (see, CPLR 308 [4]) on January 14, 1985. The defendant failed to answer and a default judgment was entered on

September 17, 1985. However, the plaintiff never filed proof of the substituted service as required by CPLR 308 (4). Accordingly, the defendant's time to answer never began to run *(see,* CPLR 308 [4]; 320 [a])* and the default judgment was improperly entered *(see, Marazita v Nelbach,* 91 AD2d 604). The Supreme Court, Suffolk County, therefore correctly granted that branch of the defendant's motion which was to vacate his default in answering. However, the court erred when it granted that branch of the defendant's motion which was to dismiss the complaint on the ground that the summons with notice was not endorsed with the name, address and telephone number of the plaintiff's attorney, as required by CPLR 2101 (d). The defendant concedes that this required information appears on the "back side" of the summons, and accordingly, the complaint should not have been dismissed on this ground.

In view of its determination, the Supreme Court, Suffolk County, did not pass upon that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction, i.e., that the plaintiff did not use due diligence before making the alleged substituted service and that the plaintiff's process server failed to affix a copy of the summons with notice to the door of his residence, as required by CPLR 308 (4). The defendant's sworn denials with respect to these two issues mandate that the matter be remitted to the Supreme Court, Suffolk County, for a hearing *(see, Green Point Sav. Bank v Taylor,* 92 AD2d 910). If the plaintiff prevails at that hearing he may, if he be so advised, renew his motion pursuant to CPLR 2004 for leave to file late proof of substituted service. Mollen, P. J., Mangano, Bracken and Lawrence, JJ., concur.