■ METRO DZEMBO, as Administrator of the Estate of MARY E. DZEMBO, Deceased, et al., Respondents, v MARILYN GORAN, Individually and Doing Business as WEST CEDAR STREET REALTY, INC., et al., Defendants, and DONALD E. BERMAN, Appellant.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered August 18, 1989 in Dutchess County, which, upon reargument, adhered to a prior decision dismissing defendant Donald E. Berman's affirmative defense of lack of personal jurisdiction.

On December 23, 1985, John Bodo, a Dutchess County Deputy Sheriff and plaintiffs' process server, went to the office of defendant Donald E. Berman (hereinafter defendant), a physician, and served a copy of the summons and complaint in this medical malpractice action on a member of defendant's office staff, Colette Brown. Defendant was concededly not present in the office at the time. Apparently as a result of a conversation between Bodo and Brown, Bodo then mailed a copy of the summons and complaint to defendant at his medical office. According to Bodo's affidavit, defendant had listed his medical office as his address for his driver's license, as well as his medical license, and no residence address was listed for defendant in the telephone directory. Bodo also indicated that he was led into believing that the medical office address was defendant's address for residence purposes.

In his answer, defendant raised the affirmative defense of lack of personal jurisdiction due to improper service. Defendant then moved to dismiss the complaint on this ground and Supreme Court denied the motion and struck the affirmative defense from defendant's answer, holding that defendant was

estopped from asserting it because defendant affirmatively held out his office address to be his residence address. Defendant then moved for reargument which Supreme Court granted. However, upon reargument, Supreme Court adhered to its earlier decision. This appeal by defendant followed.

Defendant maintains that he took no affirmative steps to hinder the service of process. Therefore, according to defendant, Supreme Court improperly struck his affirmative defense of lack of personal jurisdiction pursuant to CPLR 308 (2). In support of this contention, defendant submitted his affidavit in which he stated that, although he did tell his staff not to give out his home address, they were never instructed to misrepresent to anyone that his office was his home address. Brown's affidavit stated that she did not represent to the process server that the medical office was defendant's residence address. In contrast, the affidavit from Bodo states that "I did make inquiry of * * * Brown as to the *residence* address of [defendant] for follow-up mailing purposes and was advised by Ms. Brown to mail the copy of the Summons and Complaint to the defendant at the [medical office address]" (emphasis supplied). Conceivably, an inference was created that Brown was instructed to mislead process servers.

An examination of the conflicting and sparse proof on the motions does not leave us convinced as a matter of law that defendant engaged in affirmative conduct calculated to prevent plaintiffs from learning of his home address so as to estop defendant from raising any defect of service as a defense *(see, Chiari v D'Angelo,* 123 AD2d 655; *cf., Lavery v Lopez,* 131 AD2d 820; *Treutlein v Gutierrez,* 129 AD2d 791, 792). Plaintiffs do not dispute that the papers were not sent to defendant's "last known residence", which was strictly required by CPLR 308 (2) *(Matter of Gottesman,* 127 AD2d 563, 564) prior to that statute's amendment in 1987 (L 1987, ch 115, § 2; *see, Davidson v Community Gen. Hosp.,* 158 AD2d 748). Significantly, both parties at one point requested in their papers a traverse hearing to resolve this matter although this relief was implicitly denied. Because of the conflict as to whether service was proper, defendant was entitled to a traverse hearing to resolve the issue *(see, Anello v Barry,* 149 AD2d 640, 641; *Bank Hapoalim v Kotten Mach. Co.,* 130 AD2d 428, 429; *see also, Wiley v Lipset,* 140 AD2d 336, 337).

Decision withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Kane, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.