■ ANNA ROSATO, Respondent, v MARIE RICCIARDI et al., Appellants, et al., Defendants.—Weiss, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered April 18, 1990 in Putnam County, which, *inter alia,* denied a motion by various defendants to vacate a default judgment entered against them.

In this action to establish ownership of certain real property located in the Town of Kent, Putnam County, service of the summons and verified complaint was made pursuant to CPLR 308 (4) by substituted service, commonly called "nail and mail service", upon defendants Marie Ricciardi, Christine Mercora and Fredrick D'Arco (hereinafter collectively referred to as defendants) on June 6, 1989.* It is conceded that the affidavits of service were not filed in the County Clerk's office within 20 days as required by CPLR 308 (4). Plaintiff made an ex parte application to Supreme Court for a default judgment and simultaneously filed affidavits of service of the summons and complaint. Supreme Court granted plaintiff's application and the judgment was entered on August 14, 1989. Defendants moved for vacatur by order to show cause dated February 28, 1990 and plaintiff cross-moved for an order permitting filing of the proof of service nunc pro tunc. Supreme Court denied defendants' motion and granted plaintiff's cross motion. Defendants have appealed.

The disposition of this appeal does not require extensive discussion. The failure to timely file proof of service is conced-

---

* Defendants Georgianna Feola and Margaret Cipollone are not parties to this appeal.

edly a "mere irregularity" without jurisdictional implications *(see, McCormack v Gomez,* 137 AD2d 504, 505; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C308:4, at 311) and may be cured by an order pursuant to CPLR 2001 and 2004. Here, the required proof of service was not filed until the default judgment was sought, well beyond 20 days after the nailing and mailing procedure. Plaintiff did not seek leave permitting late filing until she responded to defendants' application for vacatur in March 1990, at which time she cross-moved for an order permitting the untimely filing nunc pro tunc.

By granting plaintiff relief nunc pro tunc Supreme Court not only gave plaintiff a remedy, but made that relief retroactive to defendants' prejudice by placing defendants in default as of a date prior to the order. It also gave effect to a default judgment which prior thereto was a nullity requiring vacatur *(see, Red Cr. Natl. Bank v Blue Star Ranch,* 58 AD2d 983, 984; *see also, Wiley v Lipset,* 140 AD2d 336, 337; *R. L. C. Investors v Zabski,* 109 AD2d 1053; *Union Natl. Bank v Davis,* 67 AD2d 1034). Accordingly, the default judgment should have been vacated, plaintiff granted permission to file the proof of service pursuant to CPLR 2001 and defendants given an opportunity to answer.

Mikoll, Levine and Crew III, JJ., concur.

Casey, J. P. (concurring in part and dissenting in part). Supreme Court's order granted plaintiff permission to file the affidavits of service nunc pro tunc. By deleting the phrase nunc pro tunc, the majority has simply granted plaintiff permission to file proof of service. Plaintiff, however, filed proof of service in July 1989. The majority has therefore given plaintiff permission to do that which she has already done. Since the late filing is concededly a mere irregularity, the defect in the late filing should be disregarded if a substantial right of a party is not prejudiced (CPLR 2001). The prejudice to defendants Marie Ricciardi, Christine Mercora and Fredrick D'Arco (hereinafter collectively referred to as defendants) arose out of the default judgment, but defendants were not in default when the default was taken since service was not complete until proof of service was filed (CPLR 308 [4]) regardless of whether the filing was timely or late. The judgment entered on the default, therefore, is a nullity and must be vacated. As a result, defendants will not be prejudiced if the defect in plaintiff's late filing of proof of service is disregarded.

A review of the record reveals that defendants included an

answer in their papers served in support of their motion to vacate the default judgment. Thus, by giving defendants an opportunity to serve an answer, the majority has given defendants the opportunity to do that which they have already done.

An order reversing Supreme Court's denial of defendants' motion to vacate the default judgment and granting the motion to vacate would have the effect of placing the parties in the position they were in when plaintiff took the default. At that point, defendants were not in default because service had just been completed by the late filing of proof of service (CPLR 308 [4]) and defendants' 20 days to answer (CPLR 3012 [a]) had not yet run. Since defendants will effectively be placed in a position where they are not in default, and since defendants included an answer in the papers which they served in support of their motion to vacate the default judgment, the net effect of an order by this court granting defendants' motion will be to have issue joined, and the matter can proceed to a proper resolution on the merits. Accordingly, Supreme Court's order should be reversed in its entirety, defendants' motion to vacate the default judgment should be granted, and plaintiff's cross motion to cure the defect in the late filing of proof of service should be denied as unnecessary.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Marie Ricciardi, Christine Mercora and Fredrick D'Arco to vacate the default judgment entered against them and deleting the phrase nunc pro tunc therefrom; motion granted and default judgment entered against said defendants vacated; and, as so modified, affirmed.