■ Metro Dzembo, as Administrator of the Estate of Mary E. Dzembo, Deceased, et al., Respondents, v Marilyn Goran, Individually and Doing Business as West Cedar Street Realty, Inc., et al., Defendants, and Donald E. Berman, Appellant.—Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered August 18, 1989 in Dutchess County, which, upon reargument, adhered to a prior decision dismissing defendant Donald E. Berman's affirmative defense of lack of personal jurisdiction.

This matter has been previously before us and a more detailed recitation of the facts can be found in that decision *(see,* 163 AD2d 723). Briefly stated, this case involves an appeal from an order of Supreme Court which dismissed defendant Donald E. Berman's affirmative defense of lack of personal jurisdiction and denied Berman's motion for summary judgment dismissing the complaint against him. Although there was little question from the record that service was defective in that the papers were not sent to Berman's

"last known residence" in strict accordance with the version of CPLR 308 (2) applicable to the relevant time period, Supreme Court held that Berman was estopped from asserting the affirmative defense of lack of personal jurisdiction because Berman affirmatively held out his office address as his residence address. Upon our review of the record, however, we found a conflict as to whether Berman had engaged in any conduct which was affirmatively misleading. Accordingly, we held that a final determination on the matter be held in abeyance pending a traverse hearing. The hearing was held, after which Supreme Court found that Berman had not intentionally misled the process server about his home address. The case is now before us again for resolution of the matter.

Upon reviewing the traverse hearing transcript, we agree with Supreme Court that the evidence does not support a finding that Berman engaged in affirmative conduct designed to prevent plaintiffs from learning his home address and thereby thwarting proper service of process. At the hearing plaintiffs' process server, John Bodo, testified that he knew defendant's office address was not his home address and that Berman's receptionist told him that she would not give Berman's home address out. Bodo admitted that he only made a cursory search for Berman's home address before mailing the papers to Berman's office address. Berman testified that he did not instruct his staff to mislead process servers in any way and that his home address was readily obtainable from a check of his car registration or from Board of Elections, utilities, post office or property tax records. Since it is obvious that a more diligent search of available records would have revealed the necessary information, we find no difficulty in concluding that the service upon Berman was fatally defective. Accordingly, Supreme Court's order must be reversed and Berman's motion for summary judgment granted.

Weiss, J. P., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Donald E. Berman, by reversing so much thereof as dismissed Berman's affirmative defense of lack of personal jurisdiction and denied Berman's motion to dismiss the complaint against him; motion granted and complaint dismissed against Berman; and, as so modified, affirmed.