■ ELLENVILLE NATIONAL BANK, Respondent, v LEOPOLD FREUND et al., Individually and Doing Business as JILLY ASSOCIATES, Appellants. [606 NYS2d 415] —Yesawich Jr., J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Owen, J.), entered February 24, 1992 in Orange County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff brought this action to recover on a promissory note in the amount of $250,000. This note, signed December 28,

1990, renewed defendants' obligation on a previous note, which had been executed on December 1, 1989 in consideration for a loan made by plaintiff to defendants on that date, and an associated guarantee executed by the individual defendants. The renewal note (hereinafter the note), payable on March 28, 1991, remains unpaid. After issue was joined, plaintiff moved for and obtained summary judgment in the amount of $283,702.81, representing the principal and interest owed on the note, counsel fees, costs and disbursements. Defendants appeal.

We affirm. Defendants make much of the complexity of their former dealings with plaintiff; these previous transactions, however, have no bearing on the present controversy. Although defendants maintain that they may have a right to set off against the amount due on the note amounts allegedly overpaid on prior loans, their answer, given the most amiable reading, does not even contain conclusory allegations that they intended to assert such a defense or counterclaim, let alone any facts in support thereof. Their claimed entitlement to a setoff, whether considered an affirmative defense or a counterclaim, has therefore been waived (see, Kivort Steel v Liberty Leather Corp., 110 AD2d 950, 952). Furthermore, the documentary evidence presented by defendants does not substantiate their claims of overcharge or overpayment.

Defendants raise several issues with regard to plaintiff's second cause of action, which is predicated on the guarantee executed by defendants Leopold Freund and Esther Freund. Initially, we note that inasmuch as the Freunds have admitted the truth of plaintiff's allegation that they are partners, doing business as Jilly Associates, they are jointly and severally liable for the debt as set forth in the promissory note itself, which was signed by Leopold Freund on behalf of Jilly Associates (see, Partnership Law § 26). Consequently, even if the guarantee were determined to be void or inapplicable, summary judgment on the first cause of action would still be appropriate and would provide ample support for the judgment.

Beyond that, we find defendants' attacks on the validity of the guarantee to be unjustified. The guarantee expressly covered all debt, liability, and obligation of the debtor, Jilly Associates, "now existing and hereinafter incurred"; moreover, this guarantee, executed on December 1, 1989, was given, along with the original note, in consideration for the $250,000 loan made on the same day. It unquestionably applied to that note and, by its explicit terms, to any renewal

thereof. There is no ambiguity to be resolved by a fact finder. And, even if, as defendants suggest, the guarantee was incomplete when Esther Freund signed it, by accepting the funds advanced pursuant to the note and guarantee in her capacity as partner of Jilly Associates she implicitly authorized its completion *(see, Chemical Bank v Nattin Realty,* 61 AD2d 921).

As for the contention that recovery cannot be had against Esther Freund because no demand for payment was made upon her, it suffices to note that the guarantee expressly provides that the guarantor waives the right to receive any such notice.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the order and judgment are affirmed, without costs.