SHAREEN ZAREEF, Appellant, v LIN WONG et al., Respondents. [877 NYS2d 182]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated August 4, 2008, which denied her motion pursuant to CPLR 3215 for leave to enter judgment against the defendants upon their default in appearing or answering, and granted the defendants' cross motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept their answer.

Ordered that the order is affirmed, with costs.

The plaintiff served the defendants pursuant to CPLR 308 (4) by affixing copies of the summonses and complaints to the address of the defendants' "actual place of business, dwelling place, or usual place of abode" on November 12, 2007 and by mailing copies to the same address on November 13, 2007. The proofs of service were filed on December 20, 2007, well beyond the 20-day filing period required by CPLR 308 (4). In opposition to the plaintiff's motion pursuant to CPLR 3215 for leave to enter judgment against the defendants upon their default in appearing or answering, the defendants served an answer on March 4, 2008, and cross-moved to compel the plaintiff to accept their answer. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion.

While the failure to file a timely proof of service is a curable procedural irregularity, here, the plaintiff did not obtain an order permitting a late filing of proof of service (*see Bank of New York v Schwab,* 97 AD2d 450 [1983]). Accordingly, the late filings were nullities and the defendants' time to answer never began to run (*see Bank of New York v Schwab,* 97 AD2d 450 [1983]; *Marazita v Nelbach,* 91 AD2d 604 [1982]). Since the defendants never defaulted, the plaintiff's motion pursuant to CPLR 3215 for leave to enter judgment against them was properly denied (*see Hausknecht v Ackerman,* 242 AD2d 604,

606 [1997]; *Paracha v County of Nassau,* 228 AD2d 422 [1996]; *Rosato v Ricciardi,* 174 AD2d 937 [1991]). Moreover, the defendants' cross motion pursuant to CPLR 3012 (d) to compel the plaintiff to accept their answer was properly granted. Skelos, J.P., Florio, Balkin and Belen, JJ., concur.