■ DISCOVER BANK, Respondent, v ELLEN S. ESCHWEGE, Appellant. [897 NYS2d 333]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered August 18, 2008 in a breach of contract action. The order granted plaintiff's motion for leave to reargue and, upon reargument, denied in its entirety defendant's motion seeking, inter alia, to vacate a default judgment and reinstated that judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking to vacate the judgment entered November 29, 2007 and vacating that judgment and as modified the order is affirmed without costs, and defendant is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: In this action to recover, inter alia, money and

interest owed by defendant in connection with a consumer credit card, plaintiff served defendant pursuant to CPLR 308 (4) by affixing copies of the summons and complaint to the door of defendant's residence on or before July 17, 2007, and by mailing copies to the same address on July 19, 2007. Plaintiff filed the proof of service on August 16, 2007, beyond the 20-day filing period required by CPLR 308 (4). Defendant did not appear in the action, and Supreme Court awarded plaintiff a default judgment on November 29, 2007. On January 17, 2008, defendant moved, inter alia, to vacate the default judgment, and the court granted that part of the motion. Plaintiff thereafter moved for leave to reargue its opposition to defendant's motion. The court granted plaintiff's motion for leave to reargue and, upon reargument, denied defendant's motion in its entirety and reinstated the default judgment.

Failure to file proof of service within the time specified in CPLR 308 (4) is not a jurisdictional defect but, rather, is a procedural irregularity that may be cured by an order permitting the late filing of proof of service nunc pro tunc (*see Zareef v Lin Wong*, 61 AD3d 749, 749 [2009]; *Rosato v Ricciardi*, 174 AD2d 937, 937-938 [1991]; *Ward v Kaufman*, 120 AD2d 929, 931 [1986]). Indeed, a court may exercise its discretion and sua sponte cure the irregularity (*see Reporter Co. v Tomicki*, 60 AD2d 947 [1978], *lv dismissed* 44 NY2d 791, 851 [1978]; *Vardi Colored House, Inc. v Dean*, 2008 NY Slip Op 31362[U] [2008]; CPLR 2001, 2004). A court may not, however, "[make] that relief retroactive to [a] defendant['s] prejudice by placing [the] defendant[ ] in default as of a date prior to the order" (*Rosato*, 174 AD2d at 938), nor may a court give effect to a default judgment that, prior to the curing of the irregularity, "was a nullity requiring vacatur" (*id.*; *see Bank of New York v Schwab*, 97 AD2d 450 [1983]; *Red Creek Natl. Bank v Blue Star Ranch*, 58 AD2d 983 [1977]).

We conclude that, in granting plaintiff's motion for leave to reargue, the court properly exercised its discretion, sua sponte, to cure the procedural irregularity. By reinstating the default judgment, however, the court erred in making the relief retroactive to the prejudice of defendant by placing defendant in default as of a date prior to the order (*see Rosato*, 174 AD2d at 938), and the court also erred in reinstating a default judgment that, before the court's order, "was a nullity requiring vacatur" (*id.*). Thus, the court erred in reinstating the default judgment, and instead should have given defendant an opportunity to answer or otherwise to appear (*see Hausknecht v Ackerman*, 242 AD2d 604, 606 [1997]; *Rosato*, 174 AD2d at 938). We therefore modify

the order accordingly, and we grant defendant 20 days from service of the order of this Court to serve and file an answer.

In light of the foregoing, the contentions of defendant that her default was excusable and that she has a meritorious defense to plaintiff's action are rendered academic. Present—Smith, J.P., Carni, Pine and Gorski, JJ.