OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
Plaintiff brought this action to recover for personal injuries he allegedly sustained in an automobile accident on June 11, 2005. The action was commenced upon the filing of the summons and complaint in Civil Court on August 24, 2007 (see CCA 400 [1]). Defendant Perdomo M. Rodriguez was served with a copy of the summons and complaint on December 13, 2007, when a copy of these papers was left with defendant Rodriguez’s wife, followed the next day by a mailing of these papers to Perdomo M. Rodriguez at his actual place of residence (see CPLR 308 [2]). Proof of service was filed with the clerk of the court on January 2, 2009.
Defendant Rodriguez defaulted in answering the complaint. On March 4, 2009, without notifying defendants, plaintiff filed a notice of inquest. An inquest was held on May 11, 2009, and on July 14, 2009 judgment was entered against defendant Rodriguez in the principal sum of $25,000. Upon learning of the default judgment that had been entered against him, defendant Rodriguez moved to vacate the default judgment. Plaintiff appeals the order which granted defendant Rodriguez’s motion.
Plaintiff is correct that defendant Rodriguez’s affidavit in support of his motion was insufficient to refute the presumption of proper service created by the affidavit of plaintiffs process server (see e.g. Sturino v Nino Tripicchio & Son Landscaping, 65 AD3d 1327 [2009]; Malik v Noe, 54 AD3d 733, 734 [2008]; Montefiore Med. Ctr. v Auto One Ins. Co., 57 AD3d 958, 959 [2008]; Caruso v Valentin, 54 AD3d 987 [2008]). However, CPLR 308 (2) requires that where, as here, service is made by delivering the summons within the state to a person of suitable age and discretion followed by mailing, “proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing . . . .” The New York City Civil Court Act similarly *78 requires the filing of proof of service to complete service (CCA 410 [b]), and specifies that service of the summons and complaint shall be made within 120 days of the filing of the summons and complaint (CCA 411; cf. CPLR 306-b). In the Civil Court, following the filing of proof of service, which completes substituted service (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 402; cf. CPLR 308 [2] [service is complete 10 days after proof of service is filed]), the defendant has 30 days within which to appear and answer (CCA 402 [b]).
The rules set forth in the Civil Practice Law and Rules respecting the filing of proof of service in the event of substituted service by the “nail and mail” method are identical to the rules for filing proof of service in the event of substituted service by service on a person of suitable age and discretion followed by mailing (compare CPLR 308 [2] with CPLR 308 [4]). In Discover Bank v Eschwege (71 AD3d 1413 [2010]), where the plaintiff served by the “nail and mail” method (see CPLR 308 [4]) but, without obtaining judicial permission to do so, filed proof of service more than 20 days following such service, the Appellate Division, Fourth Department, vacated the default judgment that had been entered against the defendant; in so doing, that court commented that, while the failure to file proof of service within the time specified in CPLR 308 (4) was not a jurisdictional defect but was rather a “procedural irregularity” that could be cured by an order permitting the late filing of proof of service, absent an order curing the irregularity, the default judgment was a “nullity requiring vacatur” (71 AD3d at 1414, quoting Rosato v Ricciardi, 174 AD2d 937, 938 [1991]).
Here, without obtaining an order permitting late filing, plaintiff filed proof of service of the summons with endorsed complaint approximately 375 days after serving defendant Rodriguez by substituted service pursuant to CPLR 308 (2). As there was no order permitting the late filing of plaintiff s proof of service, the default judgment “was a nullity requiring vacatur” (id.), and we conclude that the Civil Court did not improvidently exercise its discretion in granting defendant Rodriguez’s motion to vacate the default judgment that had been entered against him. Accordingly, the order of the Civil Court is affirmed.
Pesce, PJ., Golia and Steinhardt, JJ., concur.