Rita W. Gruber, Chief Judge, concurring. The Smiths stated in-their brief supporting their motion for default judgment that they mailed first-class letters to each appellant within twenty days after service. Under N.Y. CPLR § 308(2), “delivery and mailing [of the summons]-are to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty, days of either such, delivery or mailing, whichever is effected later. ...” (Emphasis added.) Appellants assert that—because the alleged mailings were on July 13, 2015, and. the motion for default judgment was not filed until more than a month later—the Smiths failed to file with the clerk of the court valid proofs of service within the. section’s twenty-day time limit. In Discover Bank v. Eschwege, 71 A.D.3d 1413, 897 N.Y.S.2d 333 (N.Y. 2010), the plaintiff did not obtain judidal permission before filing proof'of mailing more than twenty days after service; the Appellate Division, Fourth Department, vacated the default judgment against the defendant, The Eschwege court noted that failure to file proof of service within the time specified in CPLR § 308 is not a jurisdictional defect but a procedural irregularity that may be cured by an order permitting the late filing of proof of service nunc pro tunc; a court may exercise its discretion and sua sponte cure the irregularity. 897 N.Y.S.2d at 334. In the case we decide today, I,agree that section 308(2) does not establish that proof of mailing shall be timely filed. Because it is not our place to interpret New York law, and 11Bbecause section 308(2) gives no guidance as to how the plaintiff shall notify the court that the mailing requirements of the section have been followed, I agree that service was effected under New York law.