Miller Greenberg Mgt. Group, LLC v Couture (2021 NY Slip Op 02566)





Miller Greenberg Mgt. Group, LLC v Couture


2021 NY Slip Op 02566


Decided on April 29, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 29, 2021

528601
[*1]Miller Greenberg Management Group, LLC, Respondent,
v
Paul Couture, Appellant.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Law Office of Tiffany K. Ansley, PLLC, New York City (Tiffany K. Ansley of counsel), for appellant.
J. Greenberger, PLLC, Montclair, New Jersey (Jordan Greenberger of counsel), for respondent.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Hartman, J.), entered January 29, 2019 in Albany County, which denied defendant's motion to vacate a default judgment.
In September 2015, plaintiff, a management agency, entered into a contract with defendant whereby defendant was to provide certain recording and sound engineering services for a musical artist that it represented. Plaintiff paid defendant $6,000 and the recording sessions were conducted in late 2015 and early 2016. Following the recording sessions, a dispute arose between the parties with respect to the cost of the services rendered and the rights to the music that was recorded. In October 2017, plaintiff served defendant with a demand letter, requesting that he turn over the original multi-track components of the digital recordings (i.e., the stems) from the sessions. Defendant refused, contending, among other things, that plaintiff owed certain additional monies for the services rendered.
Plaintiff thereafter commenced this breach of contract action and, according to an affidavit of service dated November 20, 2017, delivered a copy of the summons and complaint to a person of suitable age and discretion at defendant's dwelling place or usual place of abode in New York City on November 17, 2017 and mailed a copy thereof to the same address on the same date. This affidavit of service was filed with the Albany County Clerk on December 11, 2017. Defendant failed to answer or otherwise appear, and plaintiff successfully applied to the County Clerk for a default judgment, which judgment was entered on January 17, 2018. Defendant subsequently moved by order to show cause to vacate the default judgment, contending, among other things, that Supreme Court lacked personal jurisdiction (see CPLR 5015 [a] [4]). Given the parties' disputed factual claims, Supreme Court ordered a traverse hearing. Following the hearing, at which defendant did not appear,[FN1] Supreme Court determined that defendant had been duly served with the summons and complaint (see CPLR 308 [2]) and denied his motion to vacate the default judgment. Defendant appeals.
Defendant contends that Supreme Court erred in granting plaintiff's application for a default judgment and, correspondingly, not granting his subsequent motion to vacate the default judgment because plaintiff failed to file proof of service with the clerk of the court within 20 days of the delivery and mailing of the summons and complaint (see CPLR 308 [2]). We agree. In order to establish entitlement to a default judgment, a plaintiff is required to submit proof of (1) valid service of the summons and the complaint, (2) the facts constituting the claim and (3) the default (see CPLR 3215 [f]; Dayco Mech. Servs., Inc. v Toscani, 94 AD3d 1214, 1214 [2012]). As relevant here, plaintiff's process server effectuated service by delivery and mail (see CPLR 308 [2]) on November 17, 2017. Plaintiff's proof of service, however, was not filed with the clerk of [*2]the court until December 11, 2017, more than 20 days after the delivery and mailing. Accordingly, the filing was untimely and, as such, service of process was never completed (see CPLR 308 [2]; First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d 758, 759 [2018]).
Notably, a failure to timely file proof of service is only a procedural irregularity, as opposed to a jurisdictional defect, and a court may, sua sponte, issue an order curing said irregularity (see CPLR 2001, 2004; Buist v Bromley Co., LLC, 151 AD3d 682, 683 [2017]; Discover Bank v Eschwege, 71 AD3d 1413, 1414 [2010]). "A court may not, however, make that relief retroactive to a defendant's prejudice by placing the defendant in default as of a date prior to the order, nor may a court give effect to a default judgment that, prior to the curing of the irregularity, was a nullity requiring vacatur" (Discover Bank v Eschwege, 71 AD3d at 1414 [internal quotation marks, brackets and citations omitted]; see First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760). Here, no such curative order was ever sought from or issued by Supreme Court and, therefore, defendant's time to answer never began to run such that the resulting default judgment was a nullity requiring vacatur (see First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760; Rosato v Ricciardi, 174 AD2d 937, 938 [1991]).[FN2] Accordingly, under the circumstances, the default judgment must be vacated and defendant must be afforded an additional 20 days to serve and file an answer or otherwise appear (see CPLR 320 [a]; First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d at 760; Discover Bank v Eschwege, 71 AD3d at 1414; Rosato v Ricciardi, 174 AD2d at 938). In light of our determination, the remaining claims have been rendered academic.
Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion granted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Defendant's counsel appeared on his behalf at the hearing. Given defendant's absence, in lieu of his testimony, Supreme Court permitted defendant's counsel to introduce into evidence defendant's affidavit in support of his motion to vacate the default judgment.

Footnote 2: Although defendant challenged the timeliness of the filing of the affidavit of service (see CPLR 308 [2]) for the first time in his reply papers before Supreme Court, to the extent that this procedural irregularity was apparent on the face of the affidavit of service and would have been irrefutable if it had been properly raised, we may consider it on appeal (see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751 [2014], lv dismissed 24 NY3d 990 [2014]; compare Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 204 [2013]).