K.J. v Longo (2022 NY Slip Op 04957)

K.J. v Longo

2022 NY Slip Op 04957

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-09621
 (Index No. 514801/17)

[*1]K.J., etc., et al., plaintiffs,
v
Erasmo P. Longo, defendant third-party plaintiff-appellant; Rano Rahmanova, et al., third-party defendants-respondents.

Russo & Gould, LLP, Buffalo, NY (David Gould and Trishe L. A. Hynes of counsel), for defendant third-party plaintiff-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 19, 2020. The order denied the defendant third-party plaintiff's motion for leave to enter a default judgment against the third-party defendants.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant third-party plaintiff served the third-party defendants pursuant to CPLR 308(2) by delivering copies of, inter alia, the third-party summons and complaint to a person of suitable age and discretion at the address of the third-party defendants' usual place of abode on February 11, 2019, and by mailing copies to the same address on February 12, 2019. The proofs of service were purportedly filed on April 2, 2019, well beyond the 20-day filing period required by CPLR 308(2). The defendant third-party plaintiff moved for leave to enter a default judgment against the third-party defendants, and the third-party defendants opposed the motion on the ground that they had already served a third-party answer. The Supreme Court denied the defendant third-party plaintiff's motion, and the defendant third-party plaintiff appeals. We affirm.
While the failure to file a timely proof of service is a curable procedural irregularity, here, the defendant third-party plaintiff did not obtain an order permitting a late filing of proof of service (see Wilmington Trust, N.A. v Shasho, 197 AD3d 534, 537; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750; Zareef v Lin Wong, 61 AD3d 749, 749; Bank of New York v Schwab, 97 AD2d 450, 450-451; Marazita v Nelbach, 91 AD2d 604; cf. Weininger v Sassower, 204 AD2d 715, 716). Accordingly, the late filings were nullities and the third-party defendants' time to answer never began to run (see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 750; Zareef v Lin Wong, 61 AD3d at 749; Bank of New York v Schwab, 97 AD2d at 450-451; Marazita v Nelbach, 91 AD2d at 604). Since the third-party defendants were not in default, the defendant third-party plaintiff's motion for leave to enter a default judgment against the third-party defendants was properly denied (see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 750; Zareef v Lin Wong, 61 AD3d at 749-750; Bank of New York v Schwab, 97 AD2d at 450-451; Marazita v Nelbach, 91 AD2d at 604).
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court