Gordon v Rockwood (2024 NY Slip Op 05525)

Gordon v Rockwood

2024 NY Slip Op 05525

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-1617 CV-23-2211
[*1]Alexander E. Gordon, Appellant,
v
Joshua Rockwood, Individually and Doing Business as West Wind Acres, Respondent, et al., Defendants.

Calendar Date:September 11, 2024

Before:Aarons, J.P., Lynch, Ceresia, McShan and Mackey, JJ.

Philip J. Vecchio, PC, East Greenbush (Philip J. Vecchio of counsel), for appellant.
Joshua Rockwood, Apex, North Carolina, respondent pro se.

Aarons, J.P.
Appeals (1) from an order of the Supreme Court (Richard M. Platkin, J.), entered May 5, 2023 in Albany County, which, among other things, denied plaintiff's motion for default judgment and dismissed the complaint, and (2) from an order of said court, entered August 10, 2023 in Albany County, which denied plaintiff's motion for reargument.
Pursuant to a July 2018 purchase agreement, defendant Joshua Rockwood (hereinafter defendant) bought farm equipment, supplies and 75 cattle from plaintiff for $185,000. The full purchase price was paid by promissory note executed by defendant in which he agreed to make 36 monthly payments of $500 and one final balloon payment of $193,746.62. A week later, plaintiff perfected his security interest in the equipment and cattle with the filing of a UCC financing statement. Defendant failed to make the balloon payment, and, after auctioning equipment and cattle and crediting the proceeds to defendant's debt, plaintiff obtained a judgment in November 2021 against defendant for $140,597.51, representing the unpaid balance under the promissory note, together with interest and costs.
In August 2022, plaintiff commenced this action against defendant along with defendant Stefanie Rockwood (hereinafter defendant's or his spouse), both doing business as copartners in "West Wind Acres" — the name of the business defendant's spouse registered in Schenectady County in June 2011 — and defendant West Wind Acres, LLC (hereinafter the LLC), a company organized under the laws of this state by defendant's spouse in August 2019. Plaintiff claims that defendant and his spouse held themselves out to third parties as a single enterprise or partnership and commingled resources and, with the LLC, transferred cattle covered by the UCC financing statement among themselves and to a third party, resulting in only 62 cattle being available for auction. Plaintiff demands judgment against all defendants jointly and severally.
Plaintiff then moved to enter a default judgment against defendants, awarding him $140,597.51.[FN1] Defendant, self-represented, filed an untimely answer, opposed plaintiff's motion and cross-moved to dismiss the complaint; defendant's spouse and the LLC did not answer the complaint or otherwise appear. By order entered in May 2023, Supreme Court denied plaintiff's motion for default judgment and, finding no viable cause of action stated against any of the defendants, dismissed the complaint; defendant's cross-motion was denied as academic. Asserting that the verified complaint set out claims under Partnership Law § 27 and Debtor and Creditor Law § 273 that the court overlooked, plaintiff moved to reargue, which motion the court denied by order entered in August 2023. These two appeals ensued.
Preliminarily, because "no appeal lies from the denial of a motion to reargue, the appeal from the [August 2023] order denying that motion must be dismissed" (Matter of Center for Jud. Accountability, Inc. v New York State Joint Commn. [*2]on Pub. Ethics, 228 AD3d 1148, 1148 n 2 [3d Dept 2024]; compare Matter of Aydden OO. [Joni PP.], 180 AD3d 1208, 1208 [3d Dept 2020], lv denied 35 NY3d 996 [2020]). Plaintiff's arguments respecting Partnership Law § 27 and Debtor and Creditor Law § 273 were not raised in connection with his motion for a default judgment, rendering those arguments unpreserved on appeal from the May 2023 order (see US Bank N.A. v Nelson, 36 NY3d 998, 999 [2020]).[FN2]
Turning to that appeal, "to establish entitlement to a default judgment, a plaintiff is required to submit proof of (1) valid service of the summons and the complaint, (2) the facts constituting the claim and (3) the default" (Miller Greenberg Mgt. Group, LLC v Couture, 193 AD3d 1273, 1274 [3d Dept 2021]; see CPLR 3215 [f]). Even where, as here, a defendant has failed to appear, "a plaintiff is only entitled to a default judgment if the complaint states a viable cause of action. If, despite accepting the allegations as true, no viable cause of action is stated, the court may sua sponte dismiss a plaintiff's complaint upon his or her motion for a default judgment" (Aprea v New York State Bd. of Elections, 103 AD3d 1059, 1061 [3d Dept 2013] [internal quotation marks and citations omitted]).
Here, there is no viable cause of action against the LLC under the note (see generally Lugli v Johnston, 78 AD3d 1133, 1135 [2d Dept 2010]; Kehoe v Abate, 62 AD3d 1178, 1180 [3d Dept 2009]). The verified complaint alleges that the LLC sold off cattle covered by the July 2018 UCC financing statement "shortly before defaulting on the [p]romissory [n]ote." Yet, the LLC's articles of organization were filed in August 2019 naming defendant's spouse as organizer without reference to defendant, and nothing in the complaint or motion papers can be construed as a cause of action asserting the LLC's liability for failing to pay an obligation under the note executed by defendant a year earlier (cf. Nationstar Mtge., LLC v Hilpertshauser, 156 AD3d 1052, 1053-1054 [3d Dept 2017]).
Nor do plaintiff's papers make out a viable cause of action against defendant's spouse. Accepting as true plaintiff's claim that defendant and his spouse were copartners in West Wind Acres, she could be held jointly and severally liable for obligations incurred by defendant on behalf of that partnership (see Partnership Law §§ 20, 26 [a]; Beltrone v Gen. Schuyler & Co., 223 AD2d 938, 941 [3d Dept 1996]). Here, however, both the purchase agreement and promissory note were executed by defendant "without indication that he was doing so in a representative capacity" (Thunderball Mktg. v Riemer, 273 AD2d 29, 30 [1st Dept 2000]; compare Griffith Energy, Inc. v Evans, 85 AD3d 1564, 1564-1565 [4th Dept 2011]). Further, the verified complaint does not allege that defendant signed those documents as a partner in West Wind Acres acting on its behalf (compare Ellenville Natl. Bank v Freund, 200 AD2d 827, 827 [3d Dept 1994]). Indeed, plaintiff concedes in his appellate [*3]brief that defendant transferred or merged his own farm business into West Wind Acres "after" he executed the purchase agreement and "then proceeded" with his spouse "to own and manage the business, West Wind Acres, as co-partners." In other words, plaintiff acknowledges that defendant was not a partner in West Wind Acres at the time he signed the purchase agreement and note. Accordingly, West Wind Acres would not be bound by defendant's agreement with plaintiff, and thus defendant's spouse could not be jointly and severally liable with defendant for failing to pay on the note (see Partnership Law §§ 11 [1]; 20 [1]; 26 [a]; Beizer v Bunsis, 38 AD3d 813, 814 [2d Dept 2007]; compare Ellenville Natl. Bank v Freund, 200 AD2d at 827-828; Griffith Energy, Inc. v Evans, 85 AD3d at 1565-1566).[FN3]
Plaintiff's remaining contentions, to the extent not addressed above, have been reviewed and are meritless.
Lynch, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the order entered May 5, 2023 is affirmed, with costs.
ORDERED that the appeal from the order entered August 10, 2023 is dismissed, with costs.

Footnotes

Footnote 1: Although not required, plaintiff did not specify a cause of action giving rise to defendants' liability for the demanded sum (see generally Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003]).

Footnote 2: Were we to reach plaintiff's Partnership Law § 27 and Debtor and Creditor Law § 273 arguments, we would find them unavailing. As to the former, plaintiff's allegations do not indicate that he entered the transaction with defendant in reliance on representations of his partnership with his spouse in West Wind Acres, precluding liability under a partnership-by-estoppel theory (see Partnership Law § 27; JLG Architectural Prods., LLC v WDF, Inc., 87 AD3d 681, 681-682 [2d Dept 2011], lv dismissed 18 NY3d 854 [2011]). As to the latter, even liberally construing allegations respecting defendants' commingling and transfer of assets, the verified complaint fails to give notice of all the material elements of a cause of action for a voidable transfer (see CPLR 3016 [b]; Debtor and Creditor Law § 273 [a]; cf. Walley v Leatherstocking Healthcare, LLC, 79 AD3d 1236, 1238 [3d Dept 2010]).

Footnote 3: Plaintiff raises no challenge to Supreme Court's sua sponte dismissal of the complaint against defendant on the ground that the November 2021 judgment precludes a new action against him based upon the same promissory note (see CPLR 3211 [a] [5]; see also Martocci v Bowaskie Ice House, LLC, 31 AD3d 1021, 1021-1022 [3d Dept 2006], lv dismissed 7 NY3d 916 [2006], cert denied 552 US 918 [2007]), rendering that issue abandoned (see Williams v Scafidi, 205 AD3d 1175, 1180 n 6 [3d Dept 2022], lv denied 39 NY3d 902 [2022]).