Matter of Hyundai Capital Am., Inc. v Marina (2024 NY Slip Op 06404)

Matter of Hyundai Capital Am., Inc. v Marina

2024 NY Slip Op 06404

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-1573 CV-23-2174 CV-24-0060
[*1]In the Matter of Hyundai Capital America, Inc., et al., Respondents,
v
Minneford Marina, Appellant,

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Law Offices of Edmond J. Pryor, Bronx (Edmond J. Pryor of counsel), for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Hyundai Capital America, Inc. and another, respondents.

Reynolds Fitzgerald, J.
Appeals (1) from two orders of the Supreme Court (Peter A. Lynch, J.), entered August 21, 2023 and October 27, 2023 in Albany County, which, in a combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action, among other things, denied motions by respondent Minneford Marina to vacate a default judgment, and (2) from an order of said court, entered December 12, 2023 in Albany County, which, among other things, found said respondent in contempt.
Petitioner Hyundai Capital America, Inc. is a corporation duly authorized to conduct business in New York and is the agent for petitioner Hyundai Lease Titling Trust, the owner of a 2019 Hyundai Tu cson. Petitioners leased the vehicle to a third party, who allegedly entered into an arrangement with respondent Minneford Marina (hereinafter respondent) to store the vehicle at respondent's property. In February 2023, respondent forwarded a document entitled "NOTICE OF LIEN AND SALE" to petitioners as the owner of the vehicle, claiming a garagekeeper's lien for storage fees. In April 2023, petitioners, via an order to show cause, commenced the instant combined proceeding pursuant to Lien Law § 201-a, action for declaratory judgment and plenary action seeking, among other things, immediate possession of the vehicle, to declare the garagekeeper's lien null and void, and damages for conversion of the vehicle. Respondent failed to appear on the return date and, by order entered in June 2023, Supreme Court determined that the garagekeeper's lien was invalid, that petitioners were entitled to possession of the vehicle and that respondent unlawfully converted the vehicle.
Subsequently, petitioners moved to adjudge respondent in contempt of court for failure to turn over possession of the vehicle to petitioners. In July 2023, respondent moved to vacate its default and dismiss the proceeding due to lack of personal jurisdiction, arguing that it had not been properly served with process. Supreme Court found that respondent identified itself under its assumed name and that the affidavit of service setting forth service upon the Secretary of State for service upon "Minneford Marina served as North Minneford Yacht Club Corp." established proper service, and denied its motion to dismiss and vacate the default judgment. Thereafter, respondent moved, pursuant to CPLR 317 and 5015 (a) (1), to vacate the default judgment. Supreme Court denied this motion as well. Following a hearing for conversion damages and contempt for respondent's failure to return the vehicle, Supreme Court adjudged respondent to be in civil and criminal contempt, awarded damages for conversion, assessed a fine for respondent's contempt and awarded counsel fees. Respondent appeals from the orders entered on: August 21, 2023, denying its motion to dismiss for lack of personal jurisdiction; October 27, 2023, denying its motion to vacate the default judgment; and December 12, 2023, adjudging respondent to be in contempt [*2]for conversion of the vehicle.
On appeal, respondent argues that Supreme Court lacked personal jurisdiction over it, and, as such, any and all decisions and orders of the court in this matter are nullities. Petitioners respond that service was proper in a number of ways; specifically, that they served respondent's attorney pursuant to the instructions set forth in the order to show cause, and respondent itself was served via Business Corporation Law § 306, which allows for service of process on the Secretary of State as agent of a domestic corporation. "A court lacks personal jurisdiction over a [respondent] who is not properly served with process" (Everbank v Kelly, 203 AD3d 138, 142 [2d Dept 2022] [citations omitted]). "When the requirements for service of process have not been met, it is irrelevant that the [respondent] may have actually received the documents, because notice received by means other than those authorized by statute does not bring a [respondent] within the jurisdiction of the court" (Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1355 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]). The failure to properly serve process renders all subsequent proceedings null and void (see Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738 [2d Dept 2021]).
Initially, we agree with respondent that service upon an attorney, absent evidence that he or she is authorized to accept service on behalf of the client, is ineffective (see Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp., 175 AD3d 1569, 1571 [2d Dept 2019]; Howard B. Spivak Architect, P.C. v Zilberman, 59 AD3d 343, 344 [1st Dept 2009]). As such we move on to consider whether petitioners' utilization of service pursuant to Business Corporation Law § 306 was effective. "The [petitioner] bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the [respondent] was obtained by proper service of process" (Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d 1330, 1330 [3d Dept 2019] [internal quotation marks and citations omitted]). The affidavit of service produced by petitioners indicates that respondent was served via the Secretary of State by service upon "Minneford Marina served as North Minneford Yacht Club Corp." While Supreme Court found (and respondent concedes) that personal jurisdiction may be established through service on respondent under its assumed name, it is undisputed that Minneford Marina is the duly registered assumed name of Chesapeake Bay Properties, Inc. and is not, nor has been, the assumed name ofNorth Minneford Yacht Club Corp. In other words, in this instance petitioners simply served the wrong corporate entity.
As there is no question that service was defective, the issue distills to whether respondent was estopped from asserting the affirmative defense of lack of personal jurisdiction. "However, the doctrine of estoppel will not be applied without a showing [*3]that [respondent] concealed facts from petitioner[s] or made a false representation to [them]" (Matter of Upstate Milk Coops. v State of N.Y. Dept. of Agric. & Mkts., 101 AD2d 940, 941 [3d Dept 1984] [internal quotation marks, brackets and citations omitted], lv denied 63 NY2d 604 [1984]).The record demonstrates that respondent did not mislead petitioners by some positive act or omission where there was a duty to act, as respondent did not engage in conduct calculated to prevent petitioners from learning its true corporate identity. Although respondent did not disclose information to petitioners regarding its corporate name, at oral argument on the return date of the motion respondent argued that all information related to its assumed name and its corporate existence was a matter of public record, and, in fact, petitioners acknowledged that this was true. Accordingly, there was no affirmative duty for respondent to provide this information to petitioners. Moreover, petitioners acknowledged that their search through the Department of State revealed two corporations with the assumed name Minneford Marina, neither of which was North Minneford Yacht Club Corp. However, petitioners did not take steps to cure any potential service defect by serving the identified entities, but instead chose to rely on their initial service of what they acknowledged to be the wrong corporate entity. As a search of the public records revealed the necessary information to properly serve respondent and it did not undertake any act to thwart proper service of process (see Marsh v Phillips, 167 AD2d 905, 905-906 [4th Dept 1990]; Matter of Upstate Milk Coops. v State of N.Y. Dept of Agric. & Mkts., 101 AD2d at 941), respondent is not estopped from asserting this affirmative defense. Thus, service upon North Minneford Yacht Club Corp. was not proper service and Supreme Court did not obtain jurisdiction over respondent (see Dzembo v Goran, 178 AD2d 778, 779 [3d Dept 1991]), rendering any subsequent proceedings null and void. Respondent's remaining contentions have been rendered academic.
Aarons, J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order entered August 21, 2023 is reversed, on the law, without costs, motion by respondent Minneford Marina granted and petition/complaint dismissed.
ORDERED that the appeals from the orders entered October 27, 2023 and December 12, 2023 are dismissed, as academic, without costs.