■ MICHAEL KURTZ, Respondent, v PILAR KURTZ, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Zelman, J.), dated January 9, 1987, as granted the plaintiff husband's motion to the extent, *inter alia,* of directing her to serve an answer,

directing the parties to proceed to trial, and enjoining the defendant from proceeding with an action for divorce in California.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied in its entirety.

Contrary to the conclusion of the Supreme Court, the parties' stipulation of September 26, 1985 expressly provided for the discontinuance of the instant action for divorce brought by the plaintiff husband unless he placed the matter on the Inquest Calendar within six months of that date. It is undisputed that he failed to satisfy the condition and, therefore, in accordance with the terms of the stipulation, the action was terminated. Since the action was no longer pending, the court was without jurisdiction to entertain the plaintiff's application (see, Teitelbaum Holdings v Gold, 48 NY2d 51; Urso v Panish, 94 AD2d 701). Any relief which the plaintiff seeks to obtain, either with regard to the parties' separation agreement or their marital status, must be obtained by way of a plenary action. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.