U.S. Bank N.A. v Aoudou (2020 NY Slip Op 07619)





U.S. Bank N.A. v Aoudou


2020 NY Slip Op 07619


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-04048 
2019-04050
2019-04051
 (Index No. 3641/13)

[*1]U.S. Bank National Association, etc., appellant,
v
Djibring Aoudou, respondent, et al., defendants.


Parker Ibrahim & Berg LLP, New York, NY (Scott W. Parker, Charles W. Miller III, and Mitchell E. Zipkin of counsel), for appellant.
Dominic Sarna, Mineola, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered November 8, 2018, (2) an order of the same court entered December 27, 2018, and (3) an order of the same court entered January 24, 2019. The order entered November 8, 2018, granted those branches of the defendant Djibring Aoudou's motion which were, inter alia, to vacate the foreclosure sale of the subject property, the referee's deed, and a judgment of foreclosure and sale of the same court entered June 9, 2016, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction to the extent of directing a hearing to determine the validity of service of process. The order entered December 27, 2018, after the hearing, granted those branches of the defendant Djibring Aoudou's motion which were, inter alia, to vacate the foreclosure sale of the property, the referee's deed, and the judgment of foreclosure and sale, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The order entered January 24, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 306-b, in effect, for an extension of time, nunc pro tunc, to November 21, 2018, to effect service upon the defendant Djibring Aoudou.
ORDERED that on the Court's own motion, the notice of appeal from the order entered November 8, 2018, is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered November 8, 2018, is affirmed; and it is further,
ORDERED that the order entered December 27, 2018, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant Djibring Aoudou's motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed; and it is further,
ORDERED that the order entered January 24, 2019, is reversed insofar as appealed from, on the facts and in the exercise of discretion, and that branch of the plaintiff's motion which [*2]was pursuant to CPLR 306-b, in effect, for an extension of time, nunc pro tunc, to November 21, 2018, to effect service upon the defendant Djibring Aoudou is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with our determination herein; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2013, the plaintiff commenced this action to foreclose on a mortgage. The defendant Djibring Aoudou (hereinafter the defendant) did not appear and the court, inter alia, entered a default judgment in favor of the plaintiff and an order of reference.
In August 2018, the defendant moved, inter alia, to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and to vacate the foreclosure sale of the subject property, the referee's deed, and the default judgment of foreclosure and sale. By order entered November 8, 2018, the Supreme Court granted those branches of the defendant's motion to the extent of directing a hearing to determine the validity of service of process. The plaintiff then served, inter alia, the summons and complaint on the defendant on November 21, 2018, and, thereafter, on December 6, 2018, moved, inter alia, pursuant to CPLR 306-b, in effect, to extend its time to effect service of process upon the defendant, nunc pro tunc, to November 21, 2018.
By order entered December 27, 2018, upon completion of the hearing, the Supreme Court determined that the plaintiff had not effectuated service of process on the defendant and granted those branches of the defendant's motion which were, inter alia, to vacate the foreclosure sale of the property, the referee's deed, and the default judgment of foreclosure and sale, and to dismissed the complaint insofar as asserted against him. By order entered January 24, 2019, the court then denied, inter alia, that branch of the plaintiff's motion which was, in effect, for an extension of time, nunc pro tunc, to serve the defendant.
A process server's affidavit of service constitutes prima facie evidence of proper service (see Bankers Trust Co. of Cal. v Tsoukas, 303 AD2d 343, 344). However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing (see Citibank, N.A. v Balsamo, 144 AD3d 964, 964; Velez v Forcelli, 125 AD3d 643, 644). Here, the defendant's affidavit contradicted the description of him contained in the process server's affidavit of service. Additionally, the defendant averred that he was out of the country on the date that he was purportedly served. Under these circumstances, we agree with the Supreme Court's determination that the defendant was entitled to a hearing on the issue of whether service was properly effected (see Citibank, N.A. v Currier, 172 AD3d 1157, 1159; Fuentas v Espinal, 153 AD3d 500, 501).
We also agree with the Supreme Court's determination, after the hearing, that the plaintiff failed to establish, by a preponderance of the evidence, that its process server properly effected service upon the defendant (see Grand Pac. Mtge. Corp. v Pietranski, 175 AD3d 1503, 1505; see also Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 160 AD3d 1009, 1011). The court's credibility determinations of the witnesses are entitled to great deference on appeal, and should not be overturned if supported by a fair interpretation of the evidence (see Teitelbaum v North Shore-Long Is. Jewish Health Sys., Inc., 160 AD3d at 1011). Here, the court did not credit the plaintiff's process server, and thus the plaintiff failed to establish that service of process on the defendant had occurred. Upon such a finding, we also agree with the court's determination granting those branches of the defendant's motion which were, inter alia, to vacate the foreclosure sale of the property, the referee's deed, and the default judgment of foreclosure and sale (see e.g. Wells Fargo Bank, N.A. v Gore, 162 AD3d 437, 437).
However, under the circumstances of this case, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, for an extension of time, nunc pro tunc, to effect service of process upon the defendant and denied that branch of the defendant's [*3]motion which was to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction (see e.g. State of New York Mtge. Agency v Braun, 182 AD3d 63, 67; US Bank N.A. v Saintus, 153 AD3d 1380, 1381-1382). CPLR 306-b provides, in relevant part, that "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." "'Good cause' and 'interest of justice' are two separate and independent statutory standards" (Bumpus v New York City Tr. Auth., 66 AD3d 26, 31, quoting CPLR 306-b; see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 104-105). Here, although the plaintiff failed to demonstrate good cause pursuant to CPLR 306-b, we find that the broader interest of justice standard of CPLR 306-b warrants granting that branch of the plaintiff's motion (see State of New York Mtge. Agency v Braun, 182 AD3d at 78; Bumpus v New York City Tr. Auth., 66 AD3d at 36-37).
"In considering the interest of justice standard, 'the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant'" (State of New York Mtge. Agency v Braun, 182 AD3d at 66-67, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106). "No one factor is determinative—the calculus of the court's decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 106).
The defendant had actual notice of this action and there was no showing of prejudice to him (see Mighty v Deshommes, 178 AD3d 912, 915). Additionally, the statue of limitations had run (see CPLR 213[4]), and the cause of action appears to have merit. Moreover, the plaintiff, upon first learning of the defendant's allegations of improper service, promptly took action by serving the defendant again on November 21, 2018, and then moving pursuant to CPLR 306-b, in effect, to extend its time to effect service upon the defendant, nunc pro tunc. In balancing these factors against the six years which have passed since the commencement of this action, we find that the interest of justice weighs in favor of granting that branch of the plaintiff's motion.
The parties' remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was, in effect, for an extension of time to serve the defendant, nunc pro tunc, to November 21, 2018, and denied that branch of the defendant's motion which was to dismiss of the complaint insofar as asserted against him, and we remit the matter to the Supreme Court, Queens County, for the issuance of a scheduling order designating, inter alia, the timing of the defendant's service of his answer to the complaint which is determined to have been served on him, nunc pro tunc, November 21, 2018.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court