Oberlander v Moore (2021 NY Slip Op 08196)





Oberlander v Moore


2021 NY Slip Op 08196


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-00685
 (Index No. 619148/16)

[*1]Frederick M. Oberlander, et al., appellants,
v
Kelly Ann Moore, et al., respondents, et al., defendant.


Frederick M. Oberlander, Montauk, NY, and Richard E. Lerner, Forest Hills, NY, appellants pro se (one brief filed).
Morgan, Lewis & Bockius LLP, New York, NY (Timothy J. Stephens of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for a violation of Judiciary Law § 487, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated November 1, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants Kelly Anne Moore and Morgan Lewis & Bockius LLP which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 25, 2016, the plaintiffs commenced this action to recover damages for a violation of Judiciary Law § 487 by the filing of a summons with notice. On March 27, 2017, the plaintiffs' process server delivered copies of the summons with notice to a partner at the office of the defendant Morgan Lewis & Bockius LLP (hereinafter Morgan Lewis), the actual place of business of the defendant Kelly Ann Moore. On March 30, 2017, the process server mailed additional copies of the summons with notice to the same address. Moore and Morgan Lewis moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint based on, among other things, failure to state a claim, lack of standing, and res judicata, but asserted that the plaintiffs' failure to timely serve the summons with notice as a ground for dismissal of the complaint only insofar as asserted against Moore. The plaintiffs cross-moved to extend the time required to file proof of service. By order dated November 1, 2017, the Supreme Court granted the defendants' motion and directed dismissal of the complaint based on untimely service, and denied the plaintiffs' cross motion. The plaintiffs appeal.
The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Moore for lack of personal jurisdiction. CPLR 306-b requires that service of the summons and complaint or summons with notice "shall be made within one hundred twenty days after the commencement of the action or proceeding." The summons with notice was delivered to a person of suitable age and discretion at Moore's actual place of business on Monday, March 27, 2018, the final day within the statutory period (see General Construction Law § 25-a). However, the second act required by CPLR 308(2), [*2]the mailing, was not performed within the 120-day period. Contrary to the plaintiffs' contention, "[b]oth the delivery and mailing components of CPLR 308(2) must be performed within 120 days of the filing of process" (Purzak v Long Is. Hous. Servs., Inc., 149 AD3d 989, 992).
The Supreme Court properly denied the plaintiffs' cross motion for permission to file proof of service nunc pro tunc, as the relief sought would have extended the time to file proof of service, but would not have rendered the service timely under CPLR 306-b.
With respect to that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Morgan Lewis, we affirm, albeit on grounds different from those relied upon by the Supreme Court.
A motion to dismiss pursuant to CPLR 3211(a)(1) is properly granted where "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "Under Judiciary Law § 487(1), an attorney 'who [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party' is guilty of a misdemeanor and may be liable to the injured party for treble damages in a civil action" (Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 177, quoting Judiciary Law § 487). Here, the documentary evidence submitted by the defendants utterly refuted the plaintiffs' allegations that, in a memorandum of law submitted in an underlying criminal proceeding, the defendants intentionally deceived the court or the parties regarding the sealing of documents in that proceeding (see Curry v Dollard, 52 AD3d 642, 644).
In light of our determination, we need not reach the defendants' remaining contentions.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court