DLJ Mtge. Capital, Inc. v Christie (2022 NY Slip Op 01004)





DLJ Mtge. Capital, Inc. v Christie


2022 NY Slip Op 01004


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
BETSY BARROS
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX, JJ.


2019-03757
 (Index No. 2750/13)

[*1]DLJ Mortgage Capital, Inc., respondent,
v
Alex T. Christie, et al., appellants, et al., defendants.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer and Michael Zimmerman of counsel), for appellants.
Hinshaw & Culbertson LLP, New York, NY (Brian S. McGrath of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Alex T. Christie and Adam Calderon appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 28, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered October 30, 2017, granting the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve and file proof of service upon the defendants Alex T. Christie and Adam Calderon, and denying the cross motion of those defendants pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and upon an order of the same court entered January 28, 2019, inter alia, granting that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denying those branches of the cross motion of the defendants Alex T. Christie and Adam Calderon which were pursuant to CPLR 5015(a)(2) and (3) to vacate the order entered October 30, 2017, and pursuant to CPLR 5015(a)(4) to vacate an order of the same court entered December 21, 2017, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment and for an order of reference, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, denied those branches of the cross motion of the defendants Alex T. Christie and Adam Calderon which were pursuant to CPLR 5015(a)(2) and (3) to vacate the order entered October 30, 2017, and pursuant to CPLR 5015(a)(4) to vacate the order entered December 21, 2017, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof denying that branch of the cross motion of the defendants Alex T. Christie and Adam Calderon which was pursuant to CPLR 5015(a)(4) to vacate the order entered December 21, 2017, and substituting therefor a provision granting that branch of the cross motion, and (3) by deleting the provision thereof directing the sale of the subject property; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs to the defendants Alex T. Christie and Adam Calderon, and the order entered January 28, [*2]2019, is modified accordingly.
On June 16, 2006, the defendant Alex T. Christie executed a note in the sum of $640,000 in favor of HTFC Corporation (hereinafter HTFC). The note was secured by a mortgage on residential property located in Massapequa. On June 17, 2006, Christie executed a quitclaim deed transferring the property to the defendant Adam Calderon. Christie allegedly defaulted on his obligations under the note and mortgage by failing to make the payments due on August 1, 2006, and thereafter.
On March 6, 2013, the plaintiff, as successor in interest to HTFC, commenced this action against Christie and Calderon (hereinafter together the defendants), among others, to foreclose the mortgage. Thereafter, the plaintiff filed affidavits of service indicating that the defendants were served with process at the subject property on March 18, 2013. The defendants did not appear or answer the complaint.
In July 2016, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendants cross-moved, inter alia, pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and as time-barred. In an order dated October 3, 2016, the Supreme Court directed a hearing to determine whether the defendants were properly served with process and held the plaintiff's motion and the defendants' cross motion in abeyance pending the outcome of the hearing. After the hearing, which was held on March 1, 2017, the court found that service on the defendants was not properly effectuated. However, the court did not at that time resolve the plaintiff's motion and the defendants' cross motion, which were left pending and undecided. Nor did the court enter an order directing dismissal of the complaint insofar as asserted against the defendants for lack of personal jurisdiction.
More than one month after the conclusion of the hearing to determine the validity of service of process, the plaintiff filed new affidavits of service indicating that Calderon was served with process on April 3, 2017, pursuant to CPLR 308(2) and that Christie was served with process on April 15, 2017, pursuant to CPLR 308(4). Two months later, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve and file proof of service of the summons and complaint upon the defendants "nunc pro tunc," claiming that the defendants had been properly served in April 2017 and that their time to respond to the complaint pursuant to CPLR 3012(a) had now expired. The defendants opposed the motion and cross-moved pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and as time-barred.
In an order entered October 30, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. Upon the denial of the defendants' cross motion, CPLR 3211(f) permitted an answer within 10 days from the service of notice of entry of the order. That being the case, and contrary to the concurrence of our colleague, there was no need for the court to provide the defendants with guidance as to when they were required to serve a responsive pleading, as CPLR 3211(f) already statutorily did so. Further, since the defendants were statutorily entitled to 10 days for a responsive pleading measured from the service of the notice of entry, they were never in danger of being in default nunc pro tunc, as a matter of law. Subsequently, in an order entered December 21, 2017, the court, inter alia, granted the plaintiff's July 2016 motion, among other things, for leave to enter a default judgment and for an order of reference, which had been held in abeyance until then.
On May 10, 2018, the defendants served an answer, and on June 15, 2018, the plaintiff served a notice of rejection of the answer.
In August 2018, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, pursuant to CPLR 5015(a)(2) and (3) to vacate the order entered October 30, 2017, and pursuant to CPLR 5015(a)(4) to vacate the order entered December [*3]21, 2017. In an order entered January 28, 2019, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. On the same day, the court entered an order and judgment of foreclosure and sale granting the plaintiff's motion, denying the defendants' cross motion, and directing the sale of the subject property. The defendants appeal.
Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 306-b to extend the time to serve and file proof of service of the summons and complaint upon the defendants (see Chandler v Osadln, Inc., 181 AD3d 897, 899). Nevertheless, under the highly unusual circumstances presented, the order entered December 21, 2017, was without effect and must be vacated (see Discover Bank v Eschwege, 71 AD3d 1413, 1414; Rosato v Ricciardi, 174 AD2d 937, 938). That order was predicated on a motion that was left pending and undecided, and was filed in July 2016, at a time when the court lacked personal jurisdiction over the defendants. Thus, since that motion was filed at a time when the defendants had not defaulted in the action, the court's determination to grant the plaintiff's motion, inter alia, for leave to enter a default judgment and for an order of reference, without regard to the re-service of process, and despite the fact that the court had found after a hearing that the original service of process was defective, was improper. Moreover, so much of the order and judgment of foreclosure and sale as granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale and directed the sale of the subject property must be reversed, as those portions of the order and judgment of foreclosure and sale were based on the order entered December 21, 2017 (see Discover Bank v Eschwege, 71 AD3d at 1414; Rosato v Ricciardi, 174 AD2d at 938).
The defendants' remaining contentions are without merit.
LASALLE, P.J., DILLON and CHAMBERS, JJ., concur.
HINDS-RADIX, J., concurs in part and dissents in part, and votes to modify the order and judgment of foreclosure and sale, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof denying that branch of the cross motion of the defendants Alex T. Christie and Adam Calderon which was pursuant to CPLR 5015(a)(4) to vacate the order entered December 21, 2017, and substituting therefor a provision granting that branch of the cross motion, (3) by deleting the provision thereof, in effect, denying that branch of the cross motion of the defendants Alex T. Christie and Adam Calderon which was, in effect, to deem their answer timely served, and substituting therefor a provision granting that branch of the cross motion, and (4) by deleting the provision thereof directing the sale of the subject property, and, as so modified, to affirm the order and judgment of foreclosure and sale insofar as appealed from, with costs to the defendants Alex T. Christie and Adam Calderon, and to modify the order entered January 28, 2019, accordingly, with the following memorandum, in which BARROS, J., concurs:
Although I agree with my colleagues that the order and judgment of foreclosure and sale must be modified, the order entered December 21, 2017, must be vacated, and the order entered January 28, 2019, must be modified accordingly, I cannot concur with the reasoning of my colleagues. My colleagues take the position that the plaintiff could re-serve process without leave of the Supreme Court, and, after securing leave to serve process late pursuant to CPLR 306-b, hold the defendants Alex T. Christie and Adam Calderon (hereinafter together the defendants) in default because they failed to answer within 10 days after an order entered October 30, 2017, which granted the plaintiff relief pursuant to CPLR 306-b, and denied their cross motion to dismiss the complaint insofar as asserted against them. My colleagues would create a trap for defendants served pursuant to CPLR 306-b, based upon a fractured reading of the CPLR.
After service of process on the defendants was found to be invalid after a hearing, in April 2017, the plaintiff filed affidavits of service indicating that Calderon was served with process [*4]on April 3, 2017, pursuant to CPLR 308(2) and that Christie was served with process on April 15, 2017, pursuant to CPLR 308(4). This belated service was done without leave of the Supreme Court, or an extension of time to effect service pursuant to CPLR 306-b.
In June 2017, after having filed the affidavits of service, the plaintiff moved pursuant to CPLR 306-b to extend the time to serve and file proof of service of the summons and complaint upon the defendants "nunc pro tunc as of July 6, 2013 which is within 120 days of commencement of the within action." The defendants cross-moved pursuant to CPLR 3211(a)(5) and (8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and on the ground that the action was barred by the statute of limitations.
By order entered October 30, 2017, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion, finding that the plaintiff had established good cause for the extension of time in which to file its proof of service. Granting permission to file proof of service nunc pro tunc, standing alone, did not render the service effected in April 2017 without leave of the court timely under CPLR 306-b (see Oberlander v Moore, 191 AD3d 1009). However, the court further determined that the "defendants were timely served on 4/15/17 (see CPLR § 308[4]) and 4/3/17 (see CPLR § 308[2]), respectively." Thus, the order in effect granted an extension of time to effect service pursuant to CPLR 306-b, nunc pro tunc to a prior date. However, no provision was made for the timing of the defendants' answering the complaint (see U.S. Bank N.A. v Aoudou, 189 AD3d 1301).
Thereafter, in an order entered December 21, 2017, the Supreme Court, inter alia, granted the plaintiff's motion, among other things, for leave to enter a default judgment and for an order of reference, which was made in July 2016 and had been held in abeyance pending the hearing to determine the validity of service of process, noting that the defendants had not served an answer.
On May 10, 2018, the defendants served an answer, and on June 15, 2018, the plaintiff served a notice of rejection of the answer.
In August 2018, the plaintiff moved, inter alia, for a judgment of foreclosure and sale. The defendants cross-moved, inter alia, pursuant to CPLR 5015(a)(2) and (3) to vacate the order entered October 30, 2017, pursuant to CPLR 5015(a)(4) to vacate the order entered December 21, 2017, and, in effect, to deem their answer timely served. In an order entered January 28, 2019, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The court ruled that since the defendants had not served an answer by December 21, 2017, they were in default at that juncture. The court further noted that "the sequence of [the] aforementioned decisions is puzzling," but that was not grounds for granting the defendants relief. On the same day, the court entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendants appeal.
Generally, service of a summons and complaint must be made within 120 days after the commencement of the action (see CPLR 306-b). "If service is not made upon a defendant within the time provided in [CPLR 306-b], the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (id.). "Good cause requires the plaintiff to demonstrate, as a threshold matter, 'reasonably diligent efforts' in attempting to effect service" (Bank United, FSB v Verbitsky, 167 AD3d 833, 835, quoting Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105; see HSBC Bank, USA v Gibatov, 183 AD3d 555, 556). "'However, the more flexible "interest of justice" standard accommodates late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant'" (JPMorgan Chase Bank, N.A. v Kothary, 178 AD3d 791, 793, quoting Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d 742, 744; see HSBC Bank, USA v Gibatov, 183 AD3d at 556). "Unlike an extension request premised on good cause, a plaintiff need not establish reasonably diligent efforts at service as a threshold matter" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105; see Wells Fargo Bank, NA v Barrella, 166 AD3d 711, 713). "However, the court may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause [*5]of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d at 105-106; see Bumpus v New York City Tr. Auth., 66 AD3d 26, 32).
Here, the plaintiff failed to demonstrate that it exercised reasonably diligent efforts in attempting to effect proper service of process upon the defendants and, thus, failed to show good cause (see Estate of Fernandez v Wyckoff Hgts. Med. Ctr., 162 AD3d at 743-744; Hobbins v North Star Orthopedics, PLLC, 148 AD3d 784, 787-788). However, the plaintiff demonstrated that an extension of time to serve the defendants was warranted in the interest of justice.
Although CPLR 306-b provides for an extension of time in the interest of justice, no provision is made for an extension of time nunc pro tunc. Although there is precedent for such relief (see De La Cruz Beras v Alan Rena Realty Corp., 190 AD3d 478; Wells Fargo Bank, NA v Burshstein, 172 AD3d 1437), to avoid a procedural morass and substantial prejudice to the defendant, a provision should be made for scheduling service of an answer (see U.S. Bank N.A. v Aoudou, 189 AD3d 1301).
Our colleagues find that the defendants' time to answer was set by CPLR 3211(f), which grants an "[e]xtension of time" to serve a responsive pleading of 10 days after service of notice of entry of an order denying a pre-answer motion to dismiss the action. That argument is not raised by the plaintiff on appeal, was not raised in the proceedings before the Supreme Court, and therefore, is not before this Court on this appeal.
In any event, as is the case here, often a motion pursuant to CPLR 306-b is made in response to a motion to dismiss, or a motion to dismiss is made in response to a motion pursuant to CPLR 306-b. That does not mean that if relief is granted pursuant to CPLR 306-b, and dismissal is denied, the time to answer is shortened pursuant to CPLR 3211(f) to 10 days from the date of entry of the order. CPLR 3211(f) provides an "[e]xtension of time to plead" until 10 days after "service of notice of entry of the order," not from the date of entry of the order. Further, that provision is an extension of time, not a curtailment of time to serve a responsive pleading (see De Falco v JRS Confectionary, 118 AD2d 752, 753-754).
Having received no guidance from the Supreme Court, the defendants did serve an answer, raising, inter alia, the affirmative defense of the statute of limitations. That answer was rejected by the plaintiff more than one month later, indicating that any lateness in service of the answer was waived (see CPLR 2101[f]; U.S. Bank N.A v Lopez, 193 AD3d 849). That answer should be deemed timely served.
As noted by my colleagues, when the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference in July 2016, the defendants had not acquired personal jurisdiction over the defendants; therefore, the defendants could not be in default. Nor could they be in default for failure to serve an answer within 10 days of entry of the order granting the plaintiff relief pursuant to CPLR 306-b, merely because that order also denied their cross motion to dismiss.
The defendants' remaining contentions either are without merit or need not be addressed in light of this determination.
ENTER:
Maria T. Fasulo
Clerk of the Court