Beneficial Homeowner Serv. Corp. v Francis (2022 NY Slip Op 05979)

Beneficial Homeowner Serv. Corp. v Francis

2022 NY Slip Op 05979

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-04419
 (Index No. 723949/20)

[*1]Beneficial Homeowner Service Corporation, appellant, 
v
Daniel Francis, respondent, et al., defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 10, 2021. The order granted the motion of the defendant Daniel Francis pursuant to CPLR 5015(a) to vacate an order of the same court entered August 23, 2012, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference.
ORDERED that the order entered June 10, 2021, is affirmed, with costs.
In or around April 2009, the plaintiff commenced an action to foreclose a mortgage against the defendant Daniel Francis (hereinafter the defendant), among others (hereinafter the 2009 action). The defendant did not appear or answer the complaint. On October 1, 2009, the plaintiff filed a stipulation of discontinuance discontinuing the 2009 action with prejudice.
In July 2010, the plaintiff commenced a new action to foreclose the mortgage against the defendant, among others (hereinafter the 2010 action). The defendant filed an answer in the 2010 action.
In February 2012, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference (hereinafter the motion for summary judgment). The notice of motion, the affidavit of service, the attorney affirmation pursuant to CPLR 3408, and the proposed order submitted with the motion for summary judgment listed the index number for the 2009 action. However, other supporting affirmations and affidavits submitted in support of the motion for summary judgment listed the index number for the 2010 action, and the summons and complaint annexed to the motion papers were the summons and complaint from the 2010 action. The attorney affirmation submitted in support of the motion for summary judgment listed the index number for the 2009 action on the first page, but the body of the affirmation listed the date of the default in payment for the 2010 action. The defendant failed to oppose the motion for summary judgment, and in an order entered August 23, 2012, the [*2]Supreme Court granted the motion for summary judgment.
The defendant subsequently moved pursuant to CPLR 5015(a) to vacate the order entered August 23, 2012, on the ground that it had been procured by fraud. The plaintiff opposed the motion, contending that the use of the wrong index number was a mistake, not fraud, and urged the Supreme Court to apply CPLR 2001 to correct or disregard the mistake and treat the motion for summary judgment as having been made in the 2010 action, arguing that the defendant had not been prejudiced by the mistake because he failed to oppose the motion. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the grounds of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692). CPLR 5015(a) does not provide an exhaustive list as to when a judgment or order may be vacated, and in addition to the grounds set forth in the statute, a court may, in its discretion, vacate its own judgment or order for "sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692). However, "[a] court's inherent power to exercise control over its judgments [or orders] is not plenary, and should be resorted to only to relieve a party from judgments [or orders] taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692-693; CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008).
"A motion must be addressed to a pending action" (Urso v Panish, 94 AD2d 701, 701-702), and a court "lacks jurisdiction to entertain a motion after the action has been 'unequivocally terminated . . . [by the execution of] an express, unconditional stipulation of discontinuance'" (Cambridge Integrated Servs. Group, Inc. v Johnson, 107 AD3d 1588, 1589, quoting Teitelbaum Holdings v Gold, 48 NY2d 51, 56; see Kurtz v Kurtz, 135 AD2d 615, 616). CPLR 2001 provides that "[a]t any stage of an action, . . . the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid."
Here, since the plaintiff made the motion for summary judgment in the 2009 action, which had been discontinued before the plaintiff made the motion, the Supreme Court lacked the jurisdiction to decide the motion for summary judgment and issue the order entered August 23, 2012. Accordingly, the court properly granted the defendant's motion pursuant to CPLR 5015(a) to vacate the order entered August 23, 2012 (see DLJ Mtge. Capital, Inc. v Christie, 202 AD3d 913, 916-917). The court could not apply CPLR 2001 to correct or overlook the plaintiff's mistake, since that would give effect to an order that, "prior to the curing of the irregularity, 'was a nullity requiring vacatur'" (Discover Bank v Eschwege, 71 AD3d 1413, 1414, quoting Rosato v Ricciardi, 174 AD2d 937, 938).
The plaintiff's remaining contentions are either without merit or not properly before this Court.
BARROS, J.P., MILLER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court