Altman v Orseck (2025 NY Slip Op 00940)

Altman v Orseck

2025 NY Slip Op 00940

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2023-02176
 (Index No. 59710/22)

[*1]Charles Altman, et al., respondents, 
v
Gerald Orseck, et al., defendants, Richard S. DiPreta, et al., appellants.

Housman & Associates, P.C., Tarrytown, NY (Mark Housman of counsel), for appellants.
Altman Law Group LLC, Rye, NY (Charles Altman pro se of counsel), respondent pro se and for respondent Charles Altman.

DECISION & ORDER
In an action, inter alia, to recover damages for violation of Judiciary Law § 487, the defendants Richard S. DiPreta and DiPreta Law Firm, LLP, appeal from an order of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated January 10, 2023. The order, insofar as appealed from, granted that branch of those defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action insofar as asserted against them only to the extent of directing dismissal of so much of that cause of action as was predicated upon events occurring prior to April 24, 2016, insofar as asserted against them by the plaintiff Altman Law Group, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs, Charles Altman and Altman Law Group, LLC, commenced this action, among other things, to recover damages for violation of Judiciary Law § 487 against, among others, the defendants Richard S. DiPreta and DiPreta Law Firm, LLP (hereinafter together the defendants). The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first cause of action, alleging violation of Judiciary Law § 487, insofar as asserted against them. In an order dated January 10, 2023, the Supreme Court, among other things, granted that branch of the motion only to the extent of directing dismissal of so much of the first cause of action as was predicated upon events occurring prior to April 24, 2016, insofar as asserted against them by the plaintiff Altman Law Group, LLC. The defendants appeal, and we affirm.
"Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action based on the doctrine of res judicata or collateral estoppel" (Joseph v Bank of N.Y. Mellon, 219 AD3d 596, 597; see Tracey v Deutsche Bank Natl. Trust Co., 187 AD3d 815, 817). "Under the doctrine of res judicata, or claim preclusion, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Capital One, N.A. v Trubitsky, 206 AD3d 608, 610 [internal quotation marks omitted]; see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 152). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action . . . and decided against that [*2]party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [emphasis omitted]; see Capital One, N.A. v Trubitsky, 206 AD3d at 611).
Here, contrary to the defendants' contention, the issues raised in the instant action as to the defendants' alleged violation of Judiciary Law § 487 could not have been raised in a prior action between the parties and were not necessarily decided in the prior action (see Altman v DiPreta, 204 AD3d 965). Thus, neither res judicata nor collateral estoppel bars the plaintiffs from litigating the instant Judiciary Law § 487 cause of action against the defendants (see Simmons v Jones Law Group, LLC, 214 AD3d 835, 837; Matter of Arcamone-Makinano v Perlmutter, 196 AD3d 479, 481-482).
"'A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law'" (Ripa v Petrosyants, 203 AD3d 770, 772, quoting Mawere v Landau, 130 AD3d 986, 987; see Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908). "'Under Judiciary Law § 487(1), an attorney who [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party is guilty of a misdemeanor and may be liable to the injured party for treble damages in a civil action'" (Oberlander v Moore, 191 AD3d 1009, 1010, quoting Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 177 [alterations and internal quotation marks omitted]; see Judiciary Law § 487). Here, contrary to the defendants' contention, their evidentiary submissions failed to utterly refute the plaintiffs' factual allegations that the defendants violated Judiciary Law § 487.
The defendants' remaining contention is without merit.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court