Nationstar Mtge., LLC v Worrell (2025 NY Slip Op 05813)

Nationstar Mtge., LLC v Worrell

2025 NY Slip Op 05813

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-01862
 (Index No. 10782/15)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Valeri Worrell, et al., defendants, Green Property Management, LLC, appellant.

Callegari Law, P.C., Bay Shore, NY (Dominick J. Callegari of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Green Property Management, LLC, appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered November 13, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were (1) pursuant to CPLR 5015(a) to vacate (a) two orders of the same court (Thomas A. Adams, J.), both entered November 13, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against it and for an order of reference and referring the matter to a referee to compute the amount due to the plaintiff, and (b) an order and judgment of foreclosure and sale (one paper) of the same court (David P. Sullivan, J.) entered December 8, 2022, (2) pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as barred by the statute of limitations, and (3) for summary judgment on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage.
ORDERED that the order entered November 13, 2023, is affirmed insofar as appealed from, with costs.
On February 4, 2008, the defendants Valeri Worrell and Carlton Neely (hereinafter together the borrowers) executed a note in the sum of $443,047 in favor of Golden First Mortgage Corp. (hereinafter Golden First). The note was secured by a mortgage on certain property located in Hempstead (hereinafter the premises). The borrowers allegedly defaulted on their obligations under the note by failing to make the monthly payments due on September 1, 2008, and thereafter. By assignment dated July 31, 2009, Mortgage Electronic Registration Systems, Inc., as nominee for Golden First, assigned the mortgage to Federal National Mortgage Association (hereinafter FNMA).
On August 24 or 25, 2009, FNMA commenced an action against, among others, the borrowers to foreclose the mortgage. In an order dated May 27, 2014, the Supreme Court granted FNMA's motion, inter alia, to discontinue that action.
By deed dated June 26, 2014, the premises was conveyed to the defendant Green Property Management, LLC (hereinafter GPM). Thereafter, FNMA assigned the mortgage to the [*2]plaintiff, Nationstar Mortgage, LLC.
On December 17, 2015, the plaintiff commenced this action against the borrowers and GPM, among others, to foreclose the mortgage. GPM interposed an answer in which it asserted, among other things, an affirmative defense alleging that the action was barred by the statute of limitations and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
In two orders, both entered November 13, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against GPM and for an order of reference and referred the matter to a referee to compute the amount due to the plaintiff. Thereafter, the court issued an order and judgment of foreclosure and sale entered December 8, 2022, among other things, granting the plaintiff's unopposed motion, inter alia, to confirm the referee's report and directing the sale of the premises.
GPM did not appeal from the order and judgment of foreclosure and sale. The plaintiff served a notice of sale dated January 31, 2023, scheduling a foreclosure sale of the premises for April 11, 2023.
In April 2023, GPM moved, inter alia, (1) pursuant to CPLR 5015(a) to vacate the orders entered November 13, 2019, and the order and judgment of foreclosure and sale, (2) pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as barred by the statute of limitations, and (3) for summary judgment on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In support of its motion, GPM argued that the action was untimely under the newly enacted Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). The plaintiff opposed the motion. In an order entered November 13, 2023, the Supreme Court, among other things, denied those branches of the motion. GPM appeals.
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the grounds of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; Beneficial Homeowner Serv. Corp. v Francis, 209 AD3d 957, 958; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692). CPLR 5015(a) does not provide an exhaustive list as to when a judgment or order may be vacated, and in addition to the grounds set forth in the statute, a court may, in its discretion, vacate its own judgment or order for "sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226; Beneficial Homeowner Serv. Corp. v Francis, 209 AD3d at 958-959; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692). However, "[a] court's inherent power to exercise control over its judgments [or orders] is not plenary, and should be resorted to only to relieve a party from judgments [or orders] taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see Beneficial Homeowner Serv. Corp. v Francis, 209 AD3d at 959; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692-693).
Here, GPM does not contend that vacatur of the orders entered November 13, 2019, or the order and judgment of foreclosure and sale was warranted under any of the enumerated grounds set forth in CPLR 5015(a) (see Fla Mtge. Capital I LLC v Unknown Heirs of the Estate of Paul, 233 AD3d 1452, 1453). Moreover, GPM failed to provide any evidence that the orders entered November 13, 2019, or the order and judgment of foreclosure and sale were the result of fraud, mistake, inadvertence, surprise, or excusable neglect (see Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1675). GPM argues that recent changes in the law under FAPA, as well as GPM's substantial investments in the premises, provide sufficient reason to vacate the orders entered November 13, 2019, and the order and judgment of foreclosure and sale. However, neither of those grounds constitute fraud, mistake, inadvertence, surprise, or excusable neglect warranting vacatur in the interests of substantial justice (see Bank of N.Y. Mellon Trust Co. N.A. v Hsu, 204 AD3d 874, [*3]876; Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d at 1675).
GPM's remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied those branches of GPM's motion which were (1) pursuant to CPLR 5015(a) to vacate the orders entered November 13, 2019, and the order and judgment of foreclosure and sale, (2) pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as barred by the statute of limitations, and (3) for summary judgment on its counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court